DWC:JBM - 316721
70-71 (3/15/07

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

**THOMAS FLANNERY**

**v.** **C.A. NO. 06-399S**

**DR: BAUMEISTER; JOSEPH MAROCCO; MICHAEL PARKIS; LT. HANLEY; LT. BARNEY; SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES**

**ANSWER OF DEFENDANT, DR. BAUMEISTER [*sic*], TO PLAINTIFF'S COMPLAINT**

Now comes the Defendant, Dr. Baumeister [*sic*], and hereby answers the Complaint of Plaintiff, Thomas Flannery, as follows:

**PRELIMINARY STATEMENT**

1. No answer is required of this Defendant to Plaintiff's Preliminary Statement as the Preliminary Statement is introductory in nature and does not contain allegations of fact directed to this Defendant.

**JURISDICTION**

1. This Defendant denies the allegations contained in paragraph number 1 of that portion of Plaintiff's Complaint entitled "Jurisdiction."

2. This Defendant denies the allegations contained in paragraph number 2 of that portion of Plaintiff's Complaint entitled "Jurisdiction."

**PARTIES**

3. Admitted

4. No answer of this Defendant is required to the allegations contained in paragraph 4 of Plaintiffs' Complaint inasmuch as none of the allegations made therein are directed to this Defendant.

5. No answer of this Defendant is required to the allegations contained in paragraph 5 of Plaintiff's Complaint inasmuch as the assertions made therein amount to allegations of law and not of fact. To the extent the allegations contained therein purport to support a claim against this Defendant, said allegations are specifically denied.

5. This Defendant denies the allegations contained in paragraph number 5 of Plaintiff's Complaint.

**FACTS**

6. This Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph number 6 of Plaintiff's Complaint and leaves Plaintiff to his proof thereof.

**DENIAL OF MEDICAL CARE**

7. This Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 7 of Plaintiff's Complaint and leaves Plaintiff to his proof thereof.

8. This Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 8 of Plaintiff's Complaint and leaves Plaintiff to his proof thereof.

9. This Defendant is without sufficient knowledge to form a belief as to the truth

of the allegations contained in paragraph number 9 of Plaintiff's Complaint and leaves Plaintiff to his proof thereof.

10. This Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 10 of Plaintiff's Complaint and leaves Plaintiff to his proof thereof.

11. This Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 11 of Plaintiff's Complaint and leaves Plaintiff to his proof thereof.

12. This Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 12 of Plaintiff's Complaint and leaves Plaintiff to his proof thereof.

13. This Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 13 of Plaintiff's Complaint and leaves Plaintiff to his proof thereof.

14. This Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 14 of Plaintiff's Complaint and leaves Plaintiff to his proof thereof.

15. This Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 15 of Plaintiff's Complaint and leaves Plaintiff to his proof thereof.

16. This Defendant admits that neither Klonopin nor Remron were provided to

the Plaintiff but said medications were not provided for good and valid reason. Defendant denies the remaining allegations contained in paragraph 16 of Plaintiff's Complaint.

17. Defendant admits that he provided Plaintiff with psychotropic medications and denies the remaining allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18. Admitted that Defendant instructed Plaintiff to report symptoms of a panic attack to an officer and nursing staff but Plaintiff did not follow Defendant's advice.

19. This Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 19 of Plaintiff's Complaint and leaves Plaintiff to his proof thereof.

**CLAIMS FOR RELIEF**

20. The allegations set forth in Paragraph 20 of Plaintiff's Complaint and any and all adverse inferences therein are denied.

21. No answer of this Defendant is required in response to the allegations contained in paragraph 21 of Plaintiffs' Complaint inasmuch as none of the allegations made therein are directed to this Defendant.

22. No answer of this Defendant is required in response to the allegations and assertions contained in paragraph 21 of Plaintiffs' Complaint inasmuch as none of the assertions made therein are directed to this Defendant.

**RELIEF REQUESTED**

This Defendant denies the allegations set forth in paragraphs A(1) – (3) of that

section of Plaintiff's Complaint entitled "Relief Requested" as they are directed to this Defendant and denies that Plaintiff is entitled to a declaratory judgment as sought by Plaintiff.

This Defendant denies Plaintiff is entitled to a declaratory judgment as sought in paragraphs B(1)-(2) of that section of Plaintiff's Complaint entitled "Relief Requested."

This Defendant denies the allegations set forth in paragraph C(1) of that section of Plaintiff's Complaint entitled "Relief Requested" and denies that Plaintiff is entitled to an award of compensatory damages.

This Defendant denies that Plaintiff is entitled to an award of punitive damages as alleged in paragraphs C(1)-(2) of that section of Plaintiff's Complaint entitled "Relief Requested."

**FIRST DEFENSE**

The Defendant pleads the defense of assumption of the risk.

**SECOND DEFENSE**

The Defendant pleads the defense of contributory and comparative negligence.

**THIRD DEFENSE**

This Defendant asserts that Plaintiff has failed to state a claim upon which relief can be granted.

**FOURTH DEFENSE**

This action ought not to be maintained against this Defendant as none of the acts alleged in Plaintiff's Complaint as directed to this Defendant amount to deliberate indifference.

**FIFTH DEFENSE**

This Defendant pleads the defense of qualified immunity.

**SIXTH DEFENSE**

This Defendant pleads the defense of discretionary immunity.

**SEVENTH DEFENSE**

This Defendant pleads immunity pursuant to the Eleventh Amendment of the United States Constitution.

**EIGHTH DEFENSE**

This Defendant pleads insufficiency of process and insufficiency of service of process.

The defendant, Dr. Bauermeister hereby demands a trial by jury and designates John B. Moretta as trial counsel.

DEFENDANT,
DR. BAUERMEISTER
By his attorney,

/s/ John B. Moretta

John B. Moretta #6984
ROBERTS, CARROLL,
FELDSTEIN & PEIRCE INC.
Ten Weybosset Street, 8th Floor
Providence, RI 02903
401-521-7000 FAX 401-521-1328
Email: jmoretta@rcfp.com

**CERTIFICATION**

The undersigned hereby certifies that a true copy of the within document was mailed, postage prepaid, to the following on the 16th day of March, 2007:

Thomas Flannery, # W-86388
MCI Shirley
P.O.Box 1218
Shirley, MA 01464

/s/ John B. Moretta

I hereby certify that on this 16th day of March, 2007, the within document was filed electronically through the ECF System, where it is available for viewing and downloading and will be sent electronically to the counsel of record listed below who is/are registered participant identified on the Notice of Electronic Filing:

Michael B. Grant
40 Howard Avenue
Cranston, RI 02920

Jay M. Elias, Esq.
Ratcliffe, Burke Harten & Elias, LLP
1600 Financial Plaza
Providence, Rhode Island 02903

/s/ John B. Moretta