**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **THOMAS FLANNERY** | **:** | |
| | **:** | |
| **v.** | **:** | **C.A. No. 06-399S** |
| | **:** | |
| **DR. BAUMEISTER; JOSEPH MAROCCO;** | **:** | |
| **MICHAEL PARKIS; LT. HANLEY;** | **:** | |
| **LT. BARNEY, SUED IN THEIR INDIVIDUAL** | **:** | |
| **AND OFFICIAL CAPACITIES** | **:** | |

**ANSWER WITH ELECTRONIC SIGNATURE OF DEFENDANT, MICHAEL PARKIS [*sic*] TO PLAINTIFF'S COMPLAINT**

Now comes defendant Michael Parkis [*sic*] [hereinafter sometimes referred to as Athis defendant"] and hereby answers the plaintiff's Complaint herein-filed as follows:

**FIRST DEFENSE**
**Jurisdiction**

1. This defendant specifically denies the allegations contained in paragraphs numbered 1 and 2 of that portion of plaintiff's Complaint entitled "Jurisdiction".

**SECOND DEFENSE**
**Parties**

1. This defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph numbered 3 of that portion of the plaintiff's Complaint entitled "Parties" and, therefore, leaves the plaintiff to his proof thereof.

2. This defendant makes no response to any of the allegations contained in paragraphs numbered 4 and 5 of that portion of plaintiff's Complaint entitled "Parties" inasmuch as said paragraphs are not directed to him; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

3. This defendant specifically denies the allegations contained in paragraph numbered 5 of that portion of plaintiff's Complaint entitled "Parties".

## THIRD DEFENSE
## Facts

1. This defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph numbered 6 of that portion of plaintiff's Complaint entitled "Facts" and, therefore, leaves the plaintiff to his proof thereof.

## FOURTH DEFENSE
## Denial of Medical Care

1. This defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered 7, 8, 9, 10, 11, 12, 13, 14, 16, 17, 18, and 19 of that portion of plaintiff's Complaint entitled "Denial of Medical Care" and, therefore, leaves the plaintiff to his proof thereof.

2. This defendant specifically denies the allegations contained in paragraph numbered 15 of that portion of plaintiff's Complaint entitled "Denial of Medical Care".

**FIFTH DEFENSE**
**Claims for Relief**

1. This defendant makes no response to any of the allegations contained in paragraphs numbered 20 and 22 of that portion of plaintiff's Complaint entitled "Claims for Relief" inasmuch as said paragraphs are not directed to him; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

2. This defendant makes no response to any of the allegations contained in paragraph numbered 21 of that portion of plaintiff's Complaint entitled "Claims for Relief" inasmuch as said paragraphs are directed to another defendant; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

**SIXTH DEFENSE**
**Relief Requested**

1. This defendant specifically denies that the plaintiff is entitled to the issuance of a declaratory judgment as sought and as may be alleged in any of the paragraphs of plaintiff's Complaint entitled "Relief Requested".

2. This defendant specifically denies that the plaintiff is entitled to an award of any compensatory damages as alleged in any of the paragraphs of plaintiff's Complaint entitled "Relief Requested".

3. This defendant specifically denies that the plaintiff is entitled to an award of any punitive damages as alleged in any of the paragraphs of plaintiff's Complaint entitled "Relief Requested".

4. This defendant specifically denies that the plaintiff is entitled to any relief as the result of any of the allegations contained in plaintiff's Complaint.

**SEVENTH DEFENSE**

This defendant denies any and all remaining and heretofore unanswered allegations contained in the plaintiff's Complaint.

**EIGHTH DEFENSE**

This defendant expressly denies that the plaintiff is entitled to judgment against him for any reason or cause.

**NINTH DEFENSE**

Without assuming the burden of proof by so doing, this defendant asserts that the plaintiff may have been guilty of conduct that caused and/or contributed to the injuries or damages complained of, and this defendant asserts all applicable defenses relating to comparative negligence and contributory negligence.

**TENTH DEFENSE**

Without assuming the burden of proof by so doing, this defendant asserts all applicable defenses relating to assumption of the risks.

**ELEVENTH DEFENSE**

In the event the plaintiff suffered injuries or damages as a result of the incidents complained of in his Complaint, which allegations are specifically denied by this defendant, then this defendant avers that such injuries or damages were not caused, directly or indirectly, by any acts or omissions of this defendant, but such injuries or damages, if any, were caused by the intervening acts or omissions of persons and/or entities other than this defendant for which acts or omissions this defendant is not liable.

**TWELFTH DEFENSE**

This defendant specifically denies that he is guilty of negligence.

**THIRTEENTH DEFENSE**

Without in any way assuming any burden of proof by so doing, this defendant asserts any and all applicable defenses relating to or in connection with the plaintiff=s failure to state a claim upon which relief may be granted.

**FOURTEENTH DEFENSE**

Without in any way assuming any burden of proof by so doing, this defendant asserts any and all applicable affirmative defenses relating to or in connection with lack of personal jurisdiction.

**FIFTEENTH DEFENSE**

Without in any way assuming any burden of proof by so doing, this defendant asserts any and all applicable affirmative defenses relating to or in connection with improper service of process.

**SIXTEENTH DEFENSE**

Without in any way assuming any burden of proof by so doing, this defendant asserts any and all applicable affirmative defenses relating to or in connection with the Statute of Limitations.

**SEVENTEENTH DEFENSE**

This defendant reserves the right to supplement or amend his Answer to plaintiff's Complaint by adding further affirmative defenses or other defenses as facts become known or discovered during the course of pretrial discovery.

WHEREFORE, defendant Michael Parkis [*sic*] respectfully prays that the plaintiff be awarded no relief by and through the above-captioned action, that this Honorable Court grant judgment in favor of the defendant and against the plaintiff, and that this defendant be awarded all reasonable attorneys= fees and costs incurred in the defense of the above-entitled action.

Defendant, Michael Parkis [*sic*]
By his attorneys,

**RATCLIFFE BURKE HARTEN & ELIAS, LLP**

/s/ Jay M. Elias
__________________________________
Jay M. Elias, Esquire (#3050)
1600 Financial Plaza
Providence, RI 02903
401.331.3400
401.331.3440 [Fax]

**JURY DEMAND**

Defendant Michael Parkis [sic] hereby claims a trial by jury and designates Jay M. Elias, Esquire as trial counsel.

**CERTIFICATION**

I hereby certify that a true copy of the signed Answer of defendant Michael Parkis [sic] to plaintiff's Complaint was mailed, postage prepaid, on the 12th day of March, 2007, to the following:

Mr. Thomas Flannery
MCI Shirley
P. O. Box 1218
Shirley, MA 01464

/s/ Jay M. Elias
____________________________________

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 29th day of March, 2007, to the following:

Mr. Thomas Flannery
MCI Shirley
P. O. Box 1218
Shirley, MA 01464

A. T. Wall
40 Howard Avenue
Cranston, RI 02920

/s/ Jay M. Elias

I hereby certify that on this 29th day of March, 2007, the within document was filed electronically through the ECF System, where it is available for viewing and downloading and will be sent electronically to the counsel of record listed below who are registered participants identified on the Notice of Electronic Filing:

Michael B. Grant, Esquire
40 Howard Avenue
Cranston, RI 02920

John B. Moretta, Esquire
Roberts, Carroll, Feldstein & Peirce, Inc.
10 Weybosset Street, 8th Floor
Providence, RI 02903

/s/ Jay M. Elias

*Answer w/Electronic Signature*