UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THOMAS FLANNERY

V. C. A. NO. 06-399

MARTIN BAUERMEISTER, ET AL

DEFENDANTS', A. T. WALL, JOSEPH MAROCCO, LT. HANLEY, AND CAPT CASEY BARNEY, OBJECTION TO PLAINTIFF'S APPLICATION FOR APPOINTMENT OF COUNSEL

Now come Defendants A. T. Wall, Joseph Marocco, LT. Hanley and Capt. Casey Barney and hereby object to the Plaintiff's application for appointment of counsel as and for the reasons proffered in the accompanying Memorandum.

DEFENDANTS,
By Their Attorney,

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864

CERTIFICATION

The undersigned hereby certifies that on this, the 30th day of March, 2007, I mailed a true copy of the within Defendants' A. T. Wall, Joseph Marocco, Lt. Hanley and Capt. Casey Barney Objection to Plaintiff's application for appointment of counsel and accompanying Memorandum to Thomas Flannery, #W-86388, MCI Shirley, P. O. Box 1218, Shirley, MA 01464.

/S/ Michael B. Grant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THOMAS FLANNERY

V. C. A. NO. 06-399

MARTIN BAUERMEISTER, ET AL

MEMORANDUM

Plaintiff, Thomas Flannery has filed a motion to appoint counsel to represent him in the instant civil action.

Although in an appropriate case, this Honorable Court may request that an attorney represent a Plaintiff in a civil action, there is no absolute constitutional right to a "free lawyer" in a civil case. **Desrosier v. Moran**, 949 F.2d 15, 23 (1st. Cir. 1991). Absent exceptional circumstances, the Court cannot appoint counsel in a civil matter. Id. at 23. Exceptional circumstances can include the merits of case, the complexity of the legal issues, and the litigant's ability to represent himself. Id.

Plaintiff, in his motion, simply indicates that the instant case is "complex with the amount of defendants and the answers submitted by them. I need assistance to respond to them." Plaintiff's motion is clearly misplaced.

Plaintiff, in his complaint, alleges his disagreement with medical authorities at the Department of Corrections, as to the type of medication he should be receiving. Plaintiff clearly outlines his condition, the actors involved, and that Defendants' actions amount to negligence and a violation of the Eighth Amendment to the United States Constitution.

Accordingly, Plaintiff has failed to demonstrate exceptional circumstances, and accordingly, his motion should be denied.

Respectfully submitted,

/S/ Michael B. Grant

______________________________

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864