UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS FLANNERY | ) | |
| Plaintiff | ) | |
| v. | ) | CIVIL ACTION NO. 06-399S |
| DR. BAUMEISTER et al[1] | ) | |
| Defendants | ) | |

LEGAL ELEMENTS IN SUPPORT OF AMENDING COMPLAINT

In **Gaffney v. Silk**, 488 F.2d 1248, 1251 (Mass. 1973), the court said that where amended complaint would state valid cause of action, motion to amend should normally be granted. Fed. R. Civ. P. 15(a) 28 U.S.C.A.

Plaintiff's request is in keeping with proscribed practices of good-faith litigating where he is pro se in the case at bar and simply seeks to amend for clarity and toward justice.

Nearly one year has lapsed since plaintiff filed his claim and his request to amend, but is hopeful that his burden to demonstrate a valid reason for his neglect and delay is one that is acceptable to all parties. He has come to understand, however, that while the delay is neither intended to harass or cause acertainable prejudice, it is not a permissible reason, in of itself, to disallow an amendment of a pleading. See, i.e., **Siegemund v. Shapland**, 324 F.Supp.2d 176, 184 (D.Me. 2004); **Carmona v. Toledo**, 215 F.3d 124, 136 (1st Cir. 2000) (quoting **Teft v. Seward**, 689 F.2d 637 n.2 (6th Cir. 1982).

---

[1] also JOSEPH MAROCCO, MICHAEL PARKIS, LIEUTENANT HANLEY and LIEUTENANT BARNEY

Understandable too, a determination whether plaintiff unduly delayed filing his motion to amend, "the focus, once again, is on whether allowing the amending would unfairly prejudice the defendants." **Bond Opportunity Fund II, LLC v. Heffernan**, 340 F.Supp.2d 146, 155-56 (D.R.R.I. 2004); also **Quaker State Oil Refining Corp. v. Garrity Oil Company**, 884 F.2d 1510, 1517-518 (1st Cir. 1989)

While a question for the Court, the plaintiff asserts that it is not his intention to prejudice defendants in the instant case, while simply attempting to narrow the issue(s) so as to add clarity and substance to his lawful claim, a benefit for all parties. While appreciative of this Court's liberal construence of his initial complaint, it is also an effort by plaintiff to plead properly, for his pro se stance is never a reason not to be "on point" in these matters.

Finally, **Eastern Food Services v. Pontificial Catholic Univ.**, 357 F.3d 1, 8 (1st Cir. 2004), teaches that amended complaints are liberally granted not only pretrial but after a dismissal for failure to state a claim where the court thinks that the case has some promise and there is some excuse for the delay. See Wright & Miller, Fed. Prac. & Proced. section 1488, at 652-69 (2d Edition 1990) (emphasis in original).

Defendants may contemplate a pleading under Fed. R. Civ. P. 12(b), but did not do so initially and prior to this request to amend. Here, however, it is generally viewed that Rule 56 is the most appropriate and potent defense. To this Court and to the defendants, the plaintiff is sincerely appreciative of their patience and consideration.

VERIFICATION DECLARATION

I certify that the aforementioned reasons, events and circumstances, are true to the best of my knowledge and belief; I am competent to testify to these matters.

Tom Flannery

Thomas Flannery, pro se
Box 1218
Shirley, MA 01464

March 23, 2007