UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

RECEIVED
APR 02 2007
Property of U.S. District Court
District of Rhode Island

THOMAS FLANNERY )
Plaintiff )
v. ) CIVIL ACTION NO. 06-399S
DR. BAUMEISTER et al[1] )
Defendants )

AMENDED COMPLAINT

This is complaint arising from the negligent actions of state actors whose indifference to a prisoner's health and well-being contributed and constituted cruel and unusual punishment, which neglect was deliberate when defendants and their subordinates knew or should have known that such conduct violated plaintiff's constitutional rights entitled him while in the custody of prison officials.

JURISDICTION

Jurisdiction in this complaint attaches to 42 U.S.C. § 1331; venue upon 28 U.S.C. § 1391(e); as well as the Eighth Amendment to the United States Constition and 42 U.S.C. § 1983.

PARTIES

1. THOMAS FLANNERY, the plaintiff, is a prisoner in the custody of the Massachusetts Department of Correction (MDOC) and incarcerated at MCI Shirley Medium.

---

[1]also JOSEPH MAROCCO, MICHAEL PARKIS, LT. HANLEY and LT.BARNEY

2. DR. BAUMEISTER, a defendant, is the resident psychiatrist employed directly or contractually by the Rhode Island Department of Correction (RIDOC) at the Adult Correctional Institution (ACI) in Cranston, RI 02920, and is relevant at all times in this complaint.

3. JOSEPH MAROCCO, a defendant, is the Associate Director of Health Care Services (HCS) of the RIDOC in Cranston and is also relevant at all times in this complaint.

4. MICHAEL PARKIS or POSHKUS, a defendant, medical doctor and resident administrator of HCS at ACI in Cranston, is relevant at all times in this complaint.

5. A. T. WALL, defendant, is the Director of the RIDOC, is relevant at all times in this complaint.

6. Defendants named in ¶¶ 2-5 are all sued in their official capacity as state actors, prison offcials of the RIDOC and their agents contractually retained or otherwise.

CLAIM

7. Defendants BAUMEISTER, MAROCCO, PARKIS or POSHKUS, acting in concert with each other, violated plaintiff FLANNERY's expectation to be safe and secure, as well as medically provided for, by a failure to exercise reasonable care in preventing appreciable harm, when they knew or should have known in the exercise of ordinary care, that FLANNERY is required to medicate with Klonopin, Remeron and Motrin so prescribed by competent physicians. U. S. Const. Amend 8.

8. Defendant WALL, by virtue of his unsolicited answer to FLANNERY's complaint notwithstanding his not being named in the initial complaint, but is here so named, with his tacit admission to the facts in the case, is complicit with the defendants named in ¶ 7, where FLANNERY does not implicate the doctrine of respondeat superior in the inclusion of WALL. U. S. Const. Amend 8.

9. Defendants BAUMEISTER, MAROCCO, PARKIS or POSHKUS and WALL, acting in concert with each other, did violate FLANNERY's civil rights by such conduct as described in ¶¶ 7 and 8, which subjected FLANNERY to cruel and unusual treatment while in their care and custody, where they knew or should have known that such actions violated FLANNERY's constitutional rights, but elected to proceed with their violative conduct despite being au courant with law as prison officials or their agents and acting under the color of state law. 42 U.S.C. § 1983.

10. Plaintiff FLANNERY shall make no claim under 42 U.S.C. § 1997 (II) or 42 U.S.C. § 1997a herein to this Amended Complaint, but invites judicial notice for the express purpose of noticing the Attorney General of the United States of his claim of civil rights under 42 U.S.C. §1983.

11. Plaintiff FLANNERY's claim under the 8th Amendment to the United States Constitution applies to Rhode Island through the Due Process Clause of the 14th Amendment to the United States Constitution. **Robinson v. California**, 370 U.S. 660, 666 (1962).

FACTS

12. On 01-25-06, FLANNERY is transfered to the ACI in Rhode Island from MCI Concord in Massachusetts for non-medical reasons.

13. On 01-25-06, FLANNERY is provided a medical screen to enter the ACI, which is conducted by a staff nurse. The screen states that FLANNERY is currently prescribed Klonopin 0.5mg BID, Remeron 60mg q.HS and Motrin 800mg, from the Massachusetts DOC.

14. On 01-26-06, FLANNERY submits a medical request to obtain his prescribed medication, but receives no response.

15. 01-30-06, FLANNERY is examined by BAUMEISTER and asks that he receive his prescribed medication, but is refused by the doctor on the basis that FLANNERY has not demonstrated or proven his need for the medication prescribed by the other state's DOC. In lieu of that which is presecribed, FLANNERY is to stary a regimen of Wellbutrin 100mg under supervision.

16. On 01-30-06, FLANNERY requests grievance form from Lieutenant Hanley to complaint about his denial of prescribed medical care and to begin his exaustion remedies, but is denied by the grievance officer who states that medical is not grievable and that the doctor's decision "is fine."

17. On 02-09-06, FLANNERY request a grievance from Lieutenant Barney to complain again for the lack of his prescribed medication, but is again denied for the same reason as cited in ¶ 16.

18. On 02-10-06, FLANNERY requests a copy of his medical file under 5 U.S.C. § 552, as well as Rhode Island law pertaining thereto, receives the brief narrative at a cost of $1.00, but without the sick request slips hoped-for.

19. On 02-12-06, FLANNERY submits another medical request for his prescribed medication and advises the HCS that he is having chest pains, which he believes is induced from anxiety attacks from the lack of his medication.

20. On 02-18-06, FLANNERY submites another medical request for his prescribed medication, advises HCS of his extreme and often painfil condition from anxiety, again to no avail.

21. On 02-23-06, FLANNERY submits another medical request to see the doctor relative to his deteriorating condition.

22. On 0228-06, FLANNERY send his second request for his medical records not yet received.

23. On 02-28-06, FLANNERY submits another medical request to complain again of his deteriorating condition.

24. On 03-12-06, FLANNERY again reminds the HSC of his painfil and deteriorating condition as a result of not taking his prescribed medications.

25. On or about 02-01-06, FLANNERY is confined in the segregated section and is kept isolated there until the day of his return to Massachusetts authorities on 04-18-06, as a result of a prison disciplinary matters, i.e., threatening a court officer, destroying state property, refusing direct orders of officers, as well as eratic behavior, to which he is often physically ill.

On 04-18-06, FLANNERY is restored to his prescribed medications by Dr. Lee Dynes at MCI Concord.

PRAYERS FOR RELIEF

The plaintiff respectfully prays that this Court ORDER:

1. amend, supplement or correct the rules and regulations having the force of law that shall be the measures that duly remedy the contrived and unlawful acts, allegedly, that are complained of in this action;

2. provide that defendants, through their respective counsel, comply with the local rule, LR 7.1(a)(2), for reasons of institutional or judicial economy, the plaintiff to follow;

3. cancel or otherwise delay the pretrial conference slated for April 10, 2007, before Justice William E. Smith of this Court;

4. saving any resolution, summary judgement, or actual settlement in this action, ORDER and award such compensatory and/or punitive damages to plaintiff as this Court deems fit and proper, to include any further relief deemed suitable.

VERIFICATION DECLARATION

I, Thomas Flannery, hereby certify that the foregoing facts and law references are true and accurate to the best of my ability, knowledge and belief; I am competent to testify in these matters.

Tom Flannery

Thomas Flannery, pro se
Box 1218
Shirley, MA 01464

March 26, 2007