**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **THOMAS FLANNERY** | : | |
| | : | |
| **v.** | : | **C.A. No. 06-399S** |
| | : | |
| **DR. BAUMEISTER; JOSEPH MAROCCO;** | : | |
| **MICHAEL PARKIS; LT. HANLEY;** | : | |
| **LT. BARNEY, SUED IN THEIR INDIVIDUAL** | : | |
| **AND OFFICIAL CAPACITIES** | : | |

**ANSWER OF DEFENDANT, MICHAEL PARKIS/POSHKUS**
**TO PLAINTIFF'S AMENDED COMPLAINT**

Now comes defendant Michael Poshkus [hereinafter sometimes referred to as Athis defendant"] and hereby answers the plaintiff's Amended Complaint herein-filed as follows:

**FIRST DEFENSE**

1. This defendant specifically denies the allegations contained in the prefatory paragraph of plaintiff's Amended Complaint.

**SECOND DEFENSE**
**Jurisdiction**

1. This defendant specifically denies the allegations contained in that portion of the plaintiff's Amended Complaint entitled "Jurisdiction".

**THIRD DEFENSE**
**Parties**

1. This defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of that portion of the plaintiff's Amended Complaint entitled "Parties" and, therefore, leaves the plaintiff to his proof thereof.

2. This defendant makes no response to any of the allegations contained in paragraphs numbered 2, 3, 5 or 6 of that portion of the plaintiff's Amended Complaint entitled "Parties" inasmuch as said paragraphs are not directed to him; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

3. This defendant specifically denies the allegations contained in paragraph 4 of that portion of the plaintiff's Amended Complaint entitled "Parties".

**FOURTH DEFENSE**
**Claim**

1. This defendant specifically denies the allegations contained in paragraphs 7, 9, and 11 of that portion of the plaintiff's Amended Complaint entitled "Claim".

2. This defendant makes no response to any of the allegations contained in paragraphs numbered 8 or 10 of that portion of the plaintiff's Amended Complaint entitled "Claim" inasmuch as said paragraphs are not directed to him; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

**FIFTH DEFENSE**
**Facts**

1. This defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph numbered 12 of that portion of the plaintiff's Amended Complaint entitled "Facts" and, therefore, leaves the plaintiff to his proof thereof.

2. This defendant makes no response to any of the allegations contained in paragraphs numbered 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24 or 25 of that portion of the plaintiff's Amended Complaint entitled "Facts" inasmuch as said paragraphs are not directed to him; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

**SIXTH DEFENSE**
**Prayers for Relief**

1. This defendant specifically denies that the plaintiff is entitled to any of the relief sought in paragraphs numbered 1, 2, 3 or 4 of that portion of the plaintiff's Amended Complaint entitled "Prayers for Relief".

**SEVENTH DEFENSE**

This defendant denies any and all remaining and heretofore unanswered allegations contained in the plaintiff's Amended Complaint.

**EIGHTH DEFENSE**

This defendant expressly denies that the plaintiff is entitled to judgment against him for any reason or cause.

**NINTH DEFENSE**

Without assuming the burden of proof by so doing, this defendant asserts that the plaintiff may have been guilty of conduct that caused and/or contributed to the injuries or damages complained of, and this defendant asserts all applicable defenses relating to comparative negligence and contributory negligence.

**TENTH DEFENSE**

Without assuming the burden of proof by so doing, this defendant asserts all applicable defenses relating to assumption of the risks.

**ELEVENTH DEFENSE**

In the event the plaintiff suffered injuries or damages as a result of the incidents complained of in his Amended Complaint, which allegations are specifically denied by this defendant, then this defendant avers that such injuries or damages were not caused, directly or indirectly, by any acts or omissions of this defendant, but such injuries or damages, if any, were caused by the intervening acts or omissions of persons and/or entities other than this defendant for which acts or omissions this defendant is not liable.

**TWELFTH DEFENSE**

This defendant specifically denies that he is guilty of negligence.

**THIRTEENTH DEFENSE**

Without in any way assuming any burden of proof by so doing, this defendant asserts any and all applicable defenses relating to or in connection with the plaintiff=s failure to state a claim upon which relief may be granted.

**FOURTEENTH DEFENSE**

Without in any way assuming any burden of proof by so doing, this defendant asserts any and all applicable affirmative defenses relating to or in connection with lack of personal jurisdiction.

**FIFTEENTH DEFENSE**

Without in any way assuming any burden of proof by so doing, this defendant asserts any and all applicable affirmative defenses relating to or in connection with improper service of process.

**SIXTEENTH DEFENSE**

Without in any way assuming any burden of proof by so doing, this defendant asserts any and all applicable affirmative defenses relating to or in connection with the Statute of Limitations.

**SEVENTEENTH DEFENSE**

This defendant reserves the right to supplement or amend his Answer to plaintiff's Amended Complaint by adding further affirmative defenses or other defenses as facts become known or discovered during the course of pretrial discovery.

WHEREFORE, defendant Michael Poshkus respectfully prays that the plaintiff be awarded no relief by and through the above-captioned action, that this Honorable Court grant judgment in favor of the defendant and against the plaintiff, and that this defendant be awarded all reasonable attorneys= fees and costs incurred in the defense of the above-entitled action.

Defendant, Michael Poshkus
By his attorneys,

**RATCLIFFE BURKE HARTEN & ELIAS, LLP**

/s/ Jay M. Elias

Jay M. Elias, Esquire (#3050)
1600 Financial Plaza
Providence, RI 02903
401.331.3400
401.331.3440 [Fax]

**JURY DEMAND**

Defendant Michael Poshkus hereby claims a trial by jury and designates Jay M. Elias, Esquire as trial counsel.

**CERTIFICATION**

I hereby certify that a true copy of the signed Answer of defendant Michael Poshkus to plaintiff's Amended Complaint was mailed, postage prepaid, on the 23rd day of May, 2007, to the following:

Mr. Thomas Flannery
MCI Shirley
P. O. Box 1218
Shirley, MA 01464

A. T. Wall
40 Howard Avenue
Cranston, RI 02920

/s/ Jay M. Elias

I hereby certify that on this 23rd day of May, 2007, the within document was filed electronically through the ECF System, where it is available for viewing and downloading and will be sent electronically to the counsel of record listed below who are registered participants identified on the Notice of Electronic Filing:

Michael B. Grant, Esquire
40 Howard Avenue
Cranston, RI 02920

John B. Moretta, Esquire
Roberts, Carroll, Feldstein & Peirce, Inc.
10 Weybosset Street, 8th Floor
Providence, RI 02903

/s/ Jay M. Elias