**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**THOMAS FLANNERY**

**vs.** **C.A. NO. 06-399S**

**DR: BAUMEISTER; JOSEPH MAROCCO; MICHAEL PARKIS; LT. HANLEY; LT. BARNEY; SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES**

**ANSWER OF DEFENDANT, DR. BAUMEISTER [*sic*], TO PLAINTIFF'S AMENDED COMPLAINT**

Now comes the Defendant, Dr. Baumeister [*sic*], and hereby answers the Complaint of Plaintiff, Thomas Flannery, as follows:

No answer is required of this Defendant to the introductory paragraph of Plaintiff's complaint as the paragraph is introductory in nature and does not contain allegations of fact directed to this Defendant. To the extent an answer is deemed required to the allegations contained in the introductory paragraph of Plaintiff's Amended Complaint, this Defendant denies any allegations made against him, directly or indirectly, and also denies any and all adverse inferences therefrom.

**JURISDICTION**

This Defendant denies the allegations contained in Paragraph Number 1 of that portion of Plaintiff's Complaint entitled "Jurisdiction."

**PARTIES**

1. Defendant has no knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 1 and leaves Plaintiff to the proof thereof.

2. It is admitted that this Defendant is a psychiatrist providing psychiatric services

at the Adult Correctional Institution in Cranston, Rhode Island pursuant to a contract between the State of Rhode Island and Smart Staffing Service.

3. No answer of this Defendant is required to the allegations contained in Paragraph 3 of Plaintiff's Amended Complaint inasmuch as the assertions made therein are not directed to this Defendant.

4. No answer of this Defendant is required to the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint inasmuch as the assertions made therein are not directed to this Defendant.

5. No answer of this Defendant is required to the allegations contained in Paragraph 5 of Plaintiff's Amended Complaint inasmuch as the assertions made therein are not directed to this Defendant.

6. No answer of this Defendant is required to the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint inasmuch as the assertions made therein amount to allegations of law and not of fact. To the extent the allegations contained therein purport to support a claim against this Defendant, said allegations are specifically denied.

**CLAIM**

7. Denied.

8. No answer of the Defendant is required to the allegations set forth in Paragraph 8 of Plaintiff's Amended Complaint, as the assertions made therein are not directed to this Defendant.

9. Denied.

10. No answer of this Defendant is required to the assertions set forth in Paragraph 10 of Plaintiff's Amended Complaint as the allegations contained therein amount to allegations of law and not of fact.

11. No answer of this Defendant is required to the assertions set forth in Paragraph 10 of Plaintiff's Amended Complaint as the allegations contained therein amount to allegations of law and not of fact.

**FACTS**

12. Defendant admits that Plaintiff was transferred to the ACI in Rhode Island in January of 2006. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in Paragraph 12 and leaves the Plaintiff to the proof thereof.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 13 and leaves Plaintiff to the proof thereof.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 14 and leaves Plaintiff to the proof thereof.

15. Defendant admits examining Plaintiff on January 30, 2006. Defendant further admits that certain medications were not provided to the Plaintiff but asserts that said medications were not provided for good and valid medical reasons and were replaced with other medications. Defendant admits to prescribing Wellbutrin to the Plaintiff.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 16 and leaves Plaintiff to the proof thereof.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 17 and leaves Plaintiff to the proof thereof.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 18 and leaves Plaintiff to the proof thereof.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 19 and leaves Plaintiff to the proof thereof.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 20 and leaves Plaintiff to the proof thereof.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 21 and leaves Plaintiff to the proof thereof.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 22 and leaves Plaintiff to the proof thereof.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 23 and leaves Plaintiff to the proof thereof.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 24 and leaves Plaintiff to the proof thereof.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 25 and leaves Plaintiff to the proof thereof.

## PRAYERS FOR RELIEF

1. The Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 1 of that section entitled Prayers for Relief of Plaintiff's Amended Complaint.

2. The Defendant denies that the Plaintiff is entitled to the relief requested in Paragraph 2.

3. No answer of the Defendant is required to the relief requested in Paragraph 3 in the section entitled Prayers for Relief as the relief requested has already been granted.

4. The Defendant denies that the Plaintiff is entitled to an order of compensatory and/or punitive damages or any further relief requested by Plaintiff.

## FIRST DEFENSE

The Defendant pleads the defense of assumption of the risk.

**SECOND DEFENSE**

The Defendant pleads the defense of contributory and comparative negligence.

**THIRD DEFENSE**

This Defendant asserts that Plaintiff has failed to state a claim upon which relief can be granted.

**FOURTH DEFENSE**

This action ought not to be maintained against this Defendant as none of the acts alleged in Plaintiff's Complaint as directed to this Defendant amount to deliberate indifference.

**FIFTH DEFENSE**

This Defendant pleads the defense of qualified immunity.

**SIXTH DEFENSE**

This Defendant pleads the defense of discretionary immunity.

**SEVENTH DEFENSE**

This Defendant pleads immunity pursuant to the Eleventh Amendment of the United States Constitution.

**EIGHTH DEFENSE**

This Defendant pleads insufficiency of process and failure of service of process.

**NINTH DEFENSE**

Plaintiff failed to exhaust his administrative remedies.

**TENTH DEFENSE**

To the extent Defendant is sued in his "official capacity" as alleged in Paragraph 6 of Plaintiff's Amended Complaint, Defendant pleads the benefit of his status as sovereign together will all privileges and immunities attendant thereto.

The Defendant, Dr. Bauermeister hereby demands a trial by jury and designates John B. Moretta as trial counsel.

DEFENDANT,
DR. BAUERMEISTER
By his attorney,

/s/ John B. Moretta

_______________________________

John B. Moretta #6984
ROBERTS, CARROLL, FELDSTEIN & PEIRCE INC.
Ten Weybosset Street, 8th Floor
Providence, RI 02903
401-521-7000 FAX 401-521-1328
Email: jmoretta@rcfp.com

**CERTIFICATION**

The undersigned hereby certifies that a true copy of the within document was mailed, postage prepaid, to the following on the 23nd day of May, 2007:

Thomas Flannery, # W-86388
MCI Shirley
P.O.Box 1218
Shirley, MA 01464

/s/ John B. Moretta

_______________________________

I hereby certify that on this 232nd day of May 2007, the within document was filed electronically through the ECF System, where it is available for viewing and downloading and will be sent electronically to the counsel of record listed below who is/are registered participant identified on the Notice of Electronic Filing:

Michael B. Grant
40 Howard Avenue
Cranston, RI 02920

Jay M. Elias, Esq.
Ratcliffe, Burke Harten & Elias, LLP
1600 Financial Plaza
Providence, Rhode Island 02903

/s/ John B. Moretta