UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS FLANNERY | ) | |
| Plaintiff | ) | |
| v. | ) | CIVIL ACTION NO. 399S |
| DR. BAUMEISTER et al | ) | |
| Defendants, jointly | ) | |

PLAINTIFF'S OPPOSITION TO DEFENDANTS JOINT MOTION TO DEPOSE HIM UNDER FED. R. CIV. P. 30(a)(2)

The plaintiff respectfully moves this Honorable Court to DENY a joint request by the defendants BAUMEISTER, POSHKUS, but not WALL and MAROCCO, to depose him for good cause.

As reason therefore, the plaintiff asserts that he has been necessarily diligent in providing discovery to defendants. The requisite Rule 16 Conference Statement was accomplished and duly served upon all defendants' counsel on 07-02-07. The Response to BAUMEISTER and POSHKUS relative to their request for the production of documents are mailed this day. In the interim, plaintiff propounded interrogatories to BAUMEISTER on 06-19-07; to POSHKUS on 06-19-07; to WALL on 07-02-07 and to MAROCCO on 07-05-07. The remaining Answers to interrogatories propounded to the plaintiff, for BAUMEISTER and POSHKUS, are slated for completition on or before 07-12-07

Defendants BAUMEISTER and POSHKUS are premature in their joint request where the intent, allegedly, is a tactical decision to keep the plaintiff otherwise occupied with pleadings and a work product not easily achieved in a prison setting. Worse, plaintiff-prisoner bears an additional burden to depose defendants where the fact of his incarceration makes it nearly impossible to arrange, much less prevail on a request for funds and the like to set the deposition properly.

"Interrogatories" directed at nonparty are more properly characterized as "depositions upon written questions," Fed. R. Civ. P. 31, 28 U.S.C.A. - **Watson v. Lowcountry Red Cross**, 947 F.2d 482, which can also be said for interrogatories directed to inmates of correctional institutions by prison officials. It can also be reasoned that deposition upon written questions would better serve parties in prisoner cases, if not for judicial, but institutional economy.

"Good cause" exists under rule governing protective orders when justice requires the protection of a party or a person from any annoyance, embarrassment, oppression, or undue burden or expense. Fed R. Civ. P. 26(c), 28 U.S.C.A. - **Alexander v. F.B.I.**, 186 F.R.D. 54, 60, 71 (D.D.C. 1998).

The plaintiff asserts the discovery privilege for a protective order where the Court has sufficient information as contained herein, as well as wide discretion in these matters, but has not yet conferred with defendants' counsel, since their request preceeded this requirement. It would please the plaintiff and comply with the economy of it, should the Court issue said ORDER.

It has been the experience of other inmates here at Shirley Medium that depositions by prison authorities are difficult to obtain in transcript form and at court expense. Here too, the court reasoned that judicial and institutional economy would preclude such expense and the inmate went without. The plaintiff has such case and will cite same upon request if necessary. Nonetheless, 42 U.S.C. § 1983 [Civil Right] does provide a remedy for such constitutional violations if the defendants' actions were casually connected to a plaintiff's failure to sicceed in a lawsuit. **Gonsalves v. City of New Bedford**, 939 F.Supp. 921, 925-26 (D. Mass. 1996).

WHEREFORE, the plaintiff prays that this Court DENY the defendants' request to depose him for all the reasons set forth in the within.

Respectfully submitted,

Thomas Flannery, pro se
Box 1218
Shirley, MA 01464

July 11, 2007

CERTIFICATE OF SERVICE

I certify that I have served a true copy of my mothin within to defendants' counsel; John Moreetta, Esq.; Jay Elias, Esq.; Michael Grant, Esq., via first class mail, postage paid, this 12th day of July 2007.

Thomas Flannery, pro se