**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **THOMAS FLANNERY** | : | |
| | : | |
| **v.** | : | **C.A. No. 06-399S** |
| | : | |
| **DR. BAUMEISTER; JOSEPH MAROCCO;** | : | |
| **MICHAEL PARKIS; and A. T. WALL** | : | |

**MOTION TO DISMISS**
**of**
**DEFENDANT MICHAEL PARKIS [*sic*]**

Now comes the Defendant, Michael Parkis [*sic*] and, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves to dismiss the Plaintiff's Amended Complaint. Defendant, Michael Parkis [*sic*] submits the attached Memorandum of Law in support of this Motion.

Respectfully Submitted,

Defendant, Michael Parkis [*sic*].
By his attorneys,

**RATCLIFFE BURKE HARTEN & ELIAS, LLP**

/s/ Jay M. Elias

Jay M. Elias, Esquire (#3050)
1600 Financial Plaza
Providence, RI 02903
401.331.3400
401.331.3440 [Fax]

**CERTIFICATION**

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 1st day of August, 2007, to the following:

***Legal Mail/Confidential***
Mr. Thomas Flannery, #W-86388
MCI Shirley
P. O. Box 1218
Shirley, MA 01464

/s/ Jay M. Elias

________________________________

I hereby certify that on this 1st day of August, 2007, the within document was filed electronically through the ECF System, where it is available for viewing and downloading and will be sent electronically to the counsel of record listed below who are registered participants identified on the Notice of Electronic Filing:

Michael B. Grant, Esquire
Department of Corrections
40 Howard Avenue
Cranston, RI 02920

John B. Moretta, Esquire
Roberts, Carroll, Feldstein & Peirce, Inc.
10 Weybosset Street, 8th Floor
Providence, RI 02903

/s/ Jay M. Elias

________________________________

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **THOMAS FLANNERY** | : | |
| | : | |
| **v.** | : | **C.A. No. 06-399S** |
| | : | |
| **DR. BAUMEISTER; JOSEPH MAROCCO;** | : | |
| **MICHAEL PARKIS; and A. T. WALL** | : | |

**MEMORANDUM IN SUPPORT**
**of**
**MOTION TO DISMISS**
**of**
**DEFENDANT MICHAEL PARKIS [sic]**

Defendant Michael Parkis [*sic*] hereby submits this Memorandum in Support of his Motion to Dismiss the plaintiff's Amended Complaint, and also joins in the Motion to Dismiss of co-defendants A.T. Wall and Joseph Marocco. The arguments set forth in the Motion to Dismiss of these co-defendants are applicable to, and pertain to, the plaintiff's claims against this defendant, as well Defendant Michael Parkis [*sic*] hereby attaches as Exhibit A, and incorporates by reference herein, the Memorandum of Law in Support of the Motion to Dismiss of co-defendants Wall and Marocco.

This is done with the express permission of counsel for said co-defendants.

**RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

The Plaintiff's Amended Complaint fails to state a claim against Michael Parkis [sic] upon which relief can be granted. The Amended Complaint fails to state any *factual* basis for the plaintiff's claims against this defendant, and plaintiff fails to make reference to any action or inaction on the part of this defendant which relates to the plaintiff's medical care or treatment. Plaintiff's Amended Complaint

further fails to establish any causal connections between this defendant's acts or omissions and the plaintiff's alleged injuries.

Therefore, for the reasons set forth herein and in the attached Memorandum of Law of co-defendants Wall and Marocco, defendant Michael Parkis [*sic*] submits that the plaintiff's lawsuit filed against him should properly be dismissed pursuant to Rule 12(b)(6).

**SUPERVISORY LIABILITY**

Defendant Michael Parkis [*sic*] is employed as the Medical Program Director of the Rhode Island Department of Corrections Adult Correctional Institution [ACI] in Cranston, Rhode Island. Similar to co-defendants A.T. Wall and Joseph Marocco, this defendant cannot, for the reasons set forth in co-defendants' Motion to Dismiss and supporting Memorandum, properly be held vicariously liable under 42 U.S.C. § 1983 under the theory of *respondeat superior* theory.

Plaintiff's claims against this defendant are wholly insufficient to establish that the actions of this defendant caused any deprivation of civil rights claimed by the plaintiff. Plaintiff fails to make any reference to any specific acts or omissions of this defendant: the only references to this defendant are found in paragraphs numbered 7 and 9 in which the plaintiff simply states in a conclusory manner that the defendants were acting in concert with one another and that their actions violated his civil rights, thereby subjecting him to cruel and unusual punishment. It is unclear what the Plaintiff is claiming that this defendant did or did not do which violated his civil rights. Plaintiff has failed to allege that any act or omission of this defendant actually caused the plaintiff's alleged injuries. For these reasons, and for the reasons set forth in the attached Memorandum of the co-defendants, plaintiff's claims against defendant Michael Parkis [*sic*] properly should be dismissed.

**FAILURE TO EXHAUST ADMINSTRATIVE REMEDIES**

This Defendant hereby incorporates by reference herein, and fully relies upon the legal arguments set forth in the Motion to Dismiss and supporting Memorandum of co-defendants A.T. Wall and Joseph Marocco.

**CONCLUSION**

The Plaintiff's Amended Complaint fails to state a claim against Michael Parkis [*sic*] for which relief can be granted. Wherefore, plaintiff's claims against Michael Parkis [*sic*] should be dismissed.

Respectfully Submitted,

Defendant, Michael Parkis [*sic*]
By his attorneys,

**RATCLIFFE BURKE HARTEN & ELIAS, LLP**

/s/ Jay M. Elias

Jay M. Elias, Esquire (#3050)
1600 Financial Plaza
Providence, RI 02903
401.331.3400
401.331.3440 [Fax]
E-Mail: jelias@rbhelaw.com

## CERTIFICATION

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 1st day of August 2007, to the following:

***Legal Mail/Confidential***
Mr. Thomas Flannery, #W-86388
MCI Shirley
P. O. Box 1218
Shirley, MA 01464

/s/ Jay M. Elias

______________________________

I hereby certify that on this 1st day of August, 2007, the within document was filed electronically through the ECF System, where it is available for viewing and downloading and will be sent electronically to the counsel of record listed below who are registered participants identified on the Notice of Electronic Filing:

Michael B. Grant, Esquire
Department of Corrections
40 Howard Avenue
Cranston, RI 02920

John B. Moretta, Esquire
Roberts, Carroll, Feldstein & Peirce, Inc.
10 Weybosset Street, 8th Floor
Providence, RI 02903

/s/ Jay M. Elias

______________________________

*MemorandumInSupportOfMotionToDismiss.08 01 07 doc*

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THOMAS FLANNERY

v. C. A. NO. 06-399S

DR. BAUMEISTER, ET AL

**DEFENDANTS A. T. WALL AND JOSEPH MAROCCO'S MOTION TO DISMISS**

Now comes Defendants A. T. Wall and Joseph Marocco and hereby moves to dismiss Plaintiff's Complaint, pursuant to the Federal Rule of Civil Procedure 12(b)(6) as and for the reasons proffered in the accompanying Memorandum.

DEFENDANT,
By His Attorney,

/S/ Michael B. Grant

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864

**CERTIFICATION**

The undersigned hereby certifies that on this, the 25th day of July, 2007, I mailed the within Defendants A. T. Wall and Joseph Marocco, Motion to Dismiss and accompanying Memorandum to Thomas Flannery, P. O. Box 1218, Shirley, M. A. 01464.

/S/ Michael B. Grant

RECEIVED JUL 25 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THOMAS FLANNERY

v C. A. NO. 06-399S

DR. BAUMEISTER, ET AL

**MEMORANDUM**

Plaintiff, a pro se inmate, brings the instant action pursuant to 42 U.S.C. § 1983 alleging that Defendants A. T. Wall and Joseph Marocco violated his constitutional rights guaranteed under the Eighth Amendment to the United States Constitution and to Article 1, Section 5 of the Rhode Island Constitution. Plaintiff seeks declaratory and injunctive relief as well as compensatory and punitive damages.

Relative to Defendants Wall and Marocco, plaintiff alleges in his complaint that said Defendants violated his expectation to be safe and secure, as well as medically provided for, when they knew or should have known that he was required to be medicated with Klonopin, Remeron and Motrin. Plaintiff in his complaint is then critical of the manner in which Defendant Wall answered the complaint. See Plaintiff's Complaint, ¶ 7-8. Finally, Plaintiff claims that Defendants Wall and Marocco acted in concert with the other defendants and therefore violated Plaintiff's civil rights. See Plaintiff's Complaint, ¶ 9.]

**FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

In Rule 12(b)(6), motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief. **Conley v. Gibson**, 355 U. S. 41, 45-46 (1957). (footnote omitted); see also, **Ferrante v. Moran**, 618 F 2d 888-890 (1st Cir. 1980). In making that determination, the complaint should

be construed in the light most favorable to the plaintiff E.g., **Scheur v. Rhodes**, 416 U. S. 232, 236 (1974); **Dartmouth Review v. Dartmouth College**, 889 F. 2d 13-16 (1st Cir. 1989) Every doubt should be resolved in a way most beneficial to the plaintiff E.g., **Klimas v. International Tel. and Tel. Corp.**, 297 F. Supp. 937, 938 n 2 (D.R.I. 1969), and all well-pleaded allegations of the plaintiff's complaint should be accepted as true. E.g., **Miree v. DeKalb County**, 433 U. S. 25, 27 n 2 (1977). That is particularly true when the complaint is filed by a pro litigant, whose pleadings are held to a somewhat less stringent standard than those drafted by lawyers, **Haines v. Koerner**, 404 U. S. 519 (1972).

Plaintiff's complaint should be dismissed in light of the fact that his complaint is sparse. The Complaint does not set forth any factual basis for the Plaintiff's claims against Defendants Wall and Marocco, nor does it identify which claims are lodged against which Defendants. See Fed.R.Civ.P. 8(a) (requiring a short plain statement of the claim showing that the pleader is entitled to relief) There is no factual claim alleged against Defendants Wall and Marocco The Complaint is completely silent as to any action or inaction Defendants were responsible for relative to Plaintiff's medical condition. The Complaint fails to make any causal connections between Plaintiff's alleged injuries and Defendants' actions Accordingly, Defendants Wall and Marocco are left guessing as to the basis of Plaintiff's lawsuit Accordingly, Plaintiff's claims directed at defendants Wall and Marocco should be dismissed. Under a Rule 12(b)(6) motion, "a review in court is obliged neither to credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation, nor to honor subjective characterizations, optimistic predictions, or problematic suppositions." **United States v. AVX Corp.**, 962 F.2d 108, 115 (1st. Cir. 1992)

**SUPERVISORY LIABILITY**

Defendants Wall and Marocco are supervisors at the ACI. A supervising person or entity cannot be held vicariously liable under 42 U.S.C. § 1983 on a respondeat superior theory. **Malvonado-Denis v. Castillo-Rodriguez**, 23 F.3d 576, 581 (1st Cir. 1994). A supervisor may be liable under § 1983 only on the basis of his or her own acts or omissions. Id. A supervisor may be liable by establishing a policy or following a custom that leads to the challenged activity. Id. at 582. A superior may also be liable if he had actual knowledge of the wrongful activity, or if he would have had such knowledge but for his deliberate indifference to this activity and he had the authority to require changes, but did not do so. Id. A successful plaintiff must show that the supervisor was deliberately indifferent and that the conduct caused the subordinate's actions violative of Plaintiff's constitutional rights. Id.

This connection may be shown as if the supervisor knew of, approved of, or intentionally ignored that conduct. Id. This connection may also be shown by past history of such conduct on a wide-spread basis, known to the supervisor and sufficient to alert him to current problems. Isolated instances of unconstitutional activity are insufficient to show deliberate indifference. Id.

The instant claims against Defendants Wall and Marocco are insufficient to show that they caused any of the alleged deprivations of the Plaintiff. First, there is no mention whatsoever of Defendants Wall and Marocco in the factual portion of the Plaintiff's Complaint. The only two references concerning Defendants Wall and Marocco appear under ¶ 8-9 and ¶ 7-9 respectively of the Plaintiff's Complaint, wherein Plaintiff simply criticizes the manner in which Defendant Wall answered the complaint, rather than identifying specific actions taken by Wall with respect to Plaintiff's medication. Plaintiff alleges that Defendant Marocco, along with defendants "Baumeister, Marocco, Parkis or Poshkus and Wall, acting in concert with each other, did violate Plaintiff's civil rights. which subjected Plaintiff to cruel and unusual treatment

while in their care and custody, where they knew or should have known that such actions violated Plaintiff's constitutional rights..." It is clear that Plaintiff is simply suing Defendants Wall and Marocco on the basis of they being supervisors with the Department of Corrections Plaintiff has simply failed to allege any connection between Defendants Wall and Marocco and the alleged unconstitutional conduct, including any actions on their part in denying Plaintiff proper medical care.

## FAILURE TO EXHAUST

The instant Complaint should also be dismissed on account that the Plaintiff has failed to plead that he has exhausted all administrative remedies available to him at the Department of Corrections. Civil rights claims brought pursuant to ¶ 1983 against government actors should be dismissed for failure to meet the exhaustion requirement of the Prison Litigation Reform Act of 1995. Pub L. No 104-134, 110 Stat. 1321.

## CONCLUSION

Accordingly, Plaintiff's complaint against Defendants Wall and Marocco should be dismissed in its entirety. Plaintiff can prove no set of facts against Defendants that would entitle him to relief.

Respectfully submitted,

/S/ Michael B Grant

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864