UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS FLANNERY | : | |
| | : | |
| v. | : | C.A. No. 06-399S |
| | : | |
| DR. BAUMEISTER; JOSEPH MAROCCO; | : | |
| MICHAEL PARKIS;and A. T. WALL | : | |

**STATEMENT OF UNDISPUTED FACTS OF MICHAEL PARKIS [*sic*] AND DR. BAUMEISTER [*sic*] IN SUPPORT OF DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

Now come Defendants Michael Parkis [*sic*] and Dr Baumeister [*sic*] and hereby file this Statement of Undisputed Facts in accordance with Local Rule 56(a)(1) of the United States District Court for the District of Rhode Island and in support of the Joint Motion for Summary Judgment as filed by these Defendants. As noted in Defendants' Memorandum of Law, the correct names of the Defendants filing this motion are, in fact, Michael Poshkus, M.D. and Martin Bauermeister, M.D.

## II. STATEMENT OF UNDISPUTED FACTS

1. Plaintiff Thomas Flannery was incarcerated at the Rhode Island Department of Corrections Adult Correctional Institution (ACI) from January 2006 until his transfer to a Massachusetts correctional facility in April 2006. *See* Plaintiff's Amended Complaint.

2. Mr. Flannery had multiple incarcerations in the Rhode Island correctional system dating to at least 2001. *See* RIDOC Medical Records

3. At the time of his intake medical screening in January 2006 for the incarceration which is now the subject of this lawsuit, the records reflect the fact that Mr. Flannery provided a history of having been previously prescribed the medications *Klonopin*, *Remeron*, and also *Motrin* during his previous incarcerations in Massachusetts. The medical records also reflect the fact that Plaintiff provided a history of mental health *treatment* while in prison in Massachusetts. Mr. Flannery did not provide a history of any mental health *hospitalizations* (as he previously did in referring to a hospitalization in California), nor did he provide a history of previous suicide attempts. Mr. Flannery did confirm a history of substance abuse for cocaine use. *See* Medical Entrance Screen dated January 25, 2006.

4. The medical records of the Rhode Island ACI for Plaintiff's January 2006 incarceration reflect the fact that a request for consultation by a psychiatrist was made by a nurse at the time of Plaintiff's initial medical screen. Because the nurse who undertook the medical screen had no way to independently confirm the medications mentioned by Mr. Flannery as having been prescribed to him during his Massachusetts incarceration, she made a referral for a psychiatric consultation. *See* Medical Entrance Screen dated January 25, 2006

5. Mr. Flannery's medical records, and his Amended Complaint, reflect the fact that shortly after his arrival to the Rhode Island ACI he was placed in segregation. *See* Plaintiff's Amended Complaint at Paragraph 25.

6. Mr. Flannery's medical records reflect the fact that between January 25, 2006, and April 2006, when Mr. Flannery was transferred to a Massachusetts correctional facility, he was seen on at least five (5) occasions by a psychiatrist and once by a social worker. *See* Psychiatrist Progress Notes dated January 30, 2006, February 13, 2006, February 27, 2006, March 13, 2006, March 27, 2006, and March 28, 2006.

7. On January 30, 2006, Plaintiff was seen by Dr. Bauermeister, a psychiatrist. A

plan of care was formulated by Dr. Bauermeister at that time and included prescription of the medication *Wellbutrin*. *See* RIDOC Progress Note dated January 30, 2006.

8. Mr. Flannery was advised by Dr. Bauermeister at that time that when he was experiencing a panic attack he was to immediately request care to verify the episode for diagnostic and treatment purposes. The nursing staff was instructed to provide treatment for a documented panic attack due to the unclear history from Plaintiff as to his claimed disorders. *Id*

9. It is known within the correctional medical community that some inmates may seek the prescription of *Klonopin* (a controlled substance) and *Remeron*, **not** for their proper medical indications, but rather for their common side effects, which make patients less aware of their surroundings Some inmates find these side effects especially desirable when they are confined to segregation, as in the case of Mr. Flannery. *See* Defendants' Expert Reports.

10. The medical records reflect the fact that Mr. Flannery started receiving *Wellbutrin* on February 1, 2006, but began refusing to take the *Wellbutrin* on February 8, 2006 *See* RIDO Medical Records.

11. Plaintiff was again seen by Dr. Bauermeister on February 13, 2006, during which time Plaintiff offered complaints that the *Wellbutrin* did not help with his panic attacks; however, the records also reflect the fact that Plaintiff was unable to offer even a single instance of having reported an occurrence of a panic attack, as he had been instructed to do at the time of his previous psychiatric consultation. *See* RIDOC Progress Note dated February 13, 2006.

12. Mr. Flannery was seen again by Dr. Bauermeister on February 27, 2006, just fourteen days later. He was again told to contact the nurses when he was experiencing a panic or anxiety attack so that there could be objective data upon which to base a more accurate diagnosis Again, though, the record clearly reflects the fact that Mr. Flannery never did so. *See* RIDOC Progress Note dated February 27, 2006.

13. Plaintiff was seen on March 13, 2006, by a social worker at the ACI. Following that March 13 visit, the social worker referred Mr. Flannery to the psychiatrist for further care. The medical records reflect the fact that Dr. Bauermeister attempted to see Mr. Flannery the following day, March 14, 2006, and also that Plaintiff was, in fact, seen on March 27 by Dr. Bauermeister who again questioned the validity of Mr. Flannery's complaints, none of which had ever been independently or objectively verified as the doctor had requested. *See* RIDOC Progress Notes.

14. Mr. Flannery was seen again by Dr. Bauermeister at the ACI on March 28, 2006, at which time he stated that he was anxious and depressed. Dr. Bauermeister then discontinued the *Wellbutrin* and prescribed *Elavil* instead. *Elavil* [amitriptyline] is a medication in the group of drugs known as tricyclic antidepressants and is used in the treatment of depression as well as anxiety and panic disorder. *See* RIDOC Progress Notes

15. Shortly thereafter, Mr. Flannery left the Rhode Island correctional system and was transferred to a correctional facility in Massachusetts. *See* Plaintiff's Amended Complaint at Paragraph 25.

16. On April 26, 2007, the Court granted Plaintiff leave to file an Amended Complaint in this matter.

17. At no time before the filing of the initial Complaint or Amended Complaint in this matter did Plaintiff exhaust his administrative remedies in accordance with the Prison Litigation Reform Act of 1995.

18. Nowhere in Plaintiff's Amended Complaint did he plead that he has exhausted all administrative remedies available to him at the Rhode Island Department of Corrections via the Department's Inmate Grievance Procedure.

19. On June 12, 2007, Magistrate Judge Hagopian established a Pretrial Order closing

fact discovery on July 12, 2007 and expert disclosure on July 26, 2007.

20. Plaintiff Thomas Flannery failed to identify in any of his pleadings, including in his answers to the Defendants' interrogatories, any expert witnesses to support his allegations and, in fact, indicated that he had no such experts.

21. Plaintiff also failed to disclose any expert witnesses on or before July 26, 2007 as required to do so pursuant to the Pretrial Order of Magistrate Judge Hagopian.

**Defendant,**
**Michael Parkis [*sic*] [Michael Poshkus, M.D.]**

By his Attorneys,
RATCLIFFE BURKE HARTEN & ELIAS, LLP

/s/ Jay M. Elias

Jay M. Elias, Esquire (#3050)
1600 Financial Plaza
Providence, RI 02903
401.331.3400
401.331.3440 [Fax]

**Defendant,**
**Dr. Baumeister [*sic*] [Martin Bauermeister,M.D.]**

By his Attorneys,
ROBERTS CARROLL FELDSTEIN & PEIRCE

/s/ John B. Moretta

John B. Moretta, Esquire (# 6984)
Roberts, Carroll, Feldstein & Peirce, Inc
10 Weybosset Street, 8th Floor
Providence, RI 02903
401.521.7000
401.521.1328 [Fax]

**CERTIFICATION**

I hereby certify that a true copy of this Memorandum of Law was mailed, postage prepaid, on the 1st day of August 2007, to the following:

***Legal Mail/Confidential***
Mr. Thomas Flannery, # W-86388
MCI Shirley
P. O. Box 1218
Shirley, MA 01464

/s/ Jay M. Elias

I hereby certify that on this 1st day of August 2007, the within document was filed electronically through the ECF System, where it is available for viewing and downloading and will be sent electronically to the counsel of record listed below who are registered participants identified on the Notice of Electronic Filing:

Michael B. Grant, Esquire
40 Howard Avenue
Cranston, RI 02920

John B. Moretta, Esquire
Roberts, Carroll, Feldstein & Peirce, Inc.
10 Weybosset Street, 8th Floor
Providence, RI 02903

/s/ Jay M. Elias