JBM (70-71)
327435 (8/1/07)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **THOMAS FLANNERY** | : | |
| | : | |
| **v.** | : | **C.A. No. 06-399S** |
| | : | |
| **DR. BAUMEISTER; JOSEPH MAROCCO;** | : | |
| **MICHAEL PARKIS;and A. T. WALL** | : | |

**MOTION TO DISMISS OF THE DEFENDANT,**
**DR. BAUMEISTER [*sic*]**

Now comes the Defendant, Dr. Baumeister [*sic*] and, hereby moves to dismiss the Amended Complaint of the Plaintiff, Thomas Flannery, for failure to exhaust administrative remedies and moves to dismiss this action pursuant to F.R.C.P.12(b)(6). Defendant relies on the accompanying Memorandum of Law in support of this Motion.

Defendant,
Dr. Baumeister [*sic*] [Martin Bauermeister,M.D.]

By his Attorneys,
ROBERTS CARROLL FELDSTEIN & PEIRCE

_/s/ John B. Moretta_______________

John B. Moretta, Esq. (# 6984)
Roberts, Carroll, Feldstein & Peirce, Inc.
10 Weybosset Street, 8th Floor
Providence, RI 02903
401.521.7000
401 521-1328 (fax)
Email: jmoretta@rcfp.com

**CERTIFICATION**

I hereby certify that a true copy of this Memorandum of Law was mailed, postage prepaid, on the 2nd day of August 2007, to the following:

Mr. Thomas Flannery
MCI Shirley
P. O. Box 1218
Shirley, MA 01464

/s/ John B. Moretta

I hereby certify that on this 2nd day of August 2007, the within document was filed electronically through the ECF System, where it is available for viewing and downloading and will be sent electronically to the counsel of record listed below who are registered participants identified on the Notice of Electronic Filing:

Michael B. Grant, Esquire
40 Howard Avenue
Cranston, RI 02920

Jay M. Elias, Esq.
Ratcliffe, Burke Harten & Elias
1600 Financial Plaza
Providence, RI 02903
401.331.3400 401.331.3440 [Fax]
E-Mail: jelias@rbhelaw.com

/s/ John B. Moretta

JBM (70-71)
327435 (8/1/07)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **THOMAS FLANNERY** | **:** | |
| | **:** | |
| **v.** | **:** | **C.A. No. 06-399S** |
| | **:** | |
| **DR. BAUMEISTER; JOSEPH MAROCCO;** | **:** | |
| **MICHAEL PARKIS;and A. T. WALL** | **:** | |

**MEMORANDUM OF THE DEFENDANT,**
**DR. BAUMEISTER [*sic*] IN SUPPORT OF DEFENDANT'S**
**MOTION TO DISMISS**

## I. INTRODUCTION

Now comes the Defendant, Dr. Baumeister [*sic*,] and hereby files this Memorandum of Law in support of Defendant's Motion to Dismiss Plaintiff's Amended Complaint. As is set forth below, Plaintiff's Amended Complaint is in order for dismissal as Plaintiff has failed to state a claim upon which relief can be granted and has failed to exhaust administrative remedies and/or plead that he exhausted administrative remedies before filing suit.

## II. CASE BACKGROUND AND ALLEGATIONS:

*Pro se* Plaintiff, Thomas Flannery, brought the instant lawsuit against several individuals associated with the RIDOC and the ACI. At its essence, the case, based on the vague allegations set forth in the Amended Complaint, involves claims by Mr. Flannery that he was not provided with prescriptions for certain medications which had apparently been prescribed to him by previous treating physicians while the plaintiff was incarcerated at other out of state correctional facilities. See Plaintiff's Amended Complaint. Mr. Flannery alleges he was not prescribed the

medications Klonopin, Remeron, or Motrin during the brief period of incarceration at the ACI between January and April 2006. Essentially, Mr. Flannery asserts that the care and treatment he was provided at the ACI was in violation of the Eighth Amendment to the U.S. Constitution (cruel and unusual punishment). Id.

## III. ARGUMENT

### A. Plaintiff's Amended Complaint should be dismissed as Plaintiff has failed to plead he exhausted his administrative remedies pursuant to the Prison Litigation Reform Act of 1995 and has failed to exhaust administrative remedies available to him.

In this action, Plaintiff has failed to plead that he has exhausted all administrative remedies available to him at the RIDOC and via the Prison Litigation Reform Act of 1995, Pub L. No. 104-134, 110 Stat. 1321 and, based on the text of Plaintiff's Amended Complaint, has clearly failed to exhaust the available administrative remedies before filing suit. Consequently, this matter may be appropriately dismissed at this time.

The Prison Litigation Reform Act provides "[n]o action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies are available are exhausted." Thus, the Prison Litigation Reform Act requires an inmate to exhaust all available administrative processes before filing a lawsuit relating to the conditions of his or her confinement, even if some or all of the relief the inmate seeks is not available through the administrative process. Young v. Wall, 2006 WL 858085 (D.R.I.) (citing Booth v. Churner, 532 U.S. 731, 734, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)).

In the case of Young v. Wall, this Honorable Court explicitly recognized that an inmate must comply with all administrative requirements and exhaust all administrative remedies before filing a 1983 action in this Court. In Young, the Court noted the impact of the grievance procedure adopted by the RIDOC in 1996 pursuant to R.I.G.L. § 42-56-10(v) and C.A. No. 94-

063IL (U.S. District court for the District of Rhode Island). The Court noted that the Rhode Island Department of Corrections Policy and Procedure, Policy Number 13.10, p. 1-12, provides a three tier grievance process, as follows:

> First, an inmate must seek resolution at the lowest chain of command. *Id.* at 5-9. Second, if the issue is not resolved, the inmate may submit a grievance to the warden of the facility where the inmate resides. *Id.* Finally, if the issue is not adequately addressed to the inmate's satisfaction, the inmate may appeal to the Director of the RIDOC, here defendant Wall. *Id.* The grievance policy provides for the following remedies: (1) restitution or monetary compensation, (2) change of facility policies, (3) correction of inmate records, and (4) any other remedy, as appropriate.

Id. at 1.

In this matter, Plaintiff, like the Plaintiff in Young, is also challenging actions taken at the RIDOC. Plaintiff's Amended Complaint, however, blatantly fails to plead that he exhausted his administrative remedies and also clearly shows he did not exhaust his administrative remedies in accordance with RIDOC policy. In fact, paragraphs sixteen (16) and seventeen (17) of Plaintiff's Amended Complaint establish that Plaintiff did not exhaust his administrative remedies as the referenced paragraphs merely state that he requested grievance forms but was denied by RIDOC lieutenants. Plaintiff's Amended Complaint does not indicate he ever submitted a grievance or appealed the denial to the RIDOC Director in accordance with RIDOC policy.

Consequently, due to Plaintiff's failure to exhaust his administrative remedies based on the text of his Amended Complaint and failure to plead that he exhausted his administrative remedies, Defendant requests that this matter be dismissed.

**B. Plaintiff's Amended Complaint Should be Dismissed in accordance with Rule 12(B)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.**

When faced with a Rule12(B)(6) Motion to Dismiss, the Court construes the complaint in the light most favorable to the plaintiff, taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences. See Cooperman v. Individual Inc., 171 F.3d 43, 46 (1st Cir.1999); Figueroa v. Rivera, 147 F.3d 77, 80 (1st Cir.1998); Gross v. Summa Four, Inc., 93 F.3d 987, 991 (1st Cir.1996). Dismissal under Rule 12(b)(6) is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)(citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); Dartmouth Review v. Dartmouth Coll., 889 F.2d 13, 16 (1st Cir.1989). When evaluating a Rule 12(B)(6) motion, a reviewing court is obliged neither to "credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation," Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir.1990), nor to honor subjective characterizations, optimistic predictions, or problematic suppositions. Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir.1989). "[E]mpirically unverifiable" conclusions, not "logically compelled, or at least supported, by the stated facts," deserve no deference. Id.

In this matter, and as noted in the Joint Motion and Memorandum submitted in support of Defendant Bauermeister's and Defendant Poshkus' request for Summary Judgment, Plaintiff's Amended Complaint alleges in Paragraph Seven under the heading "Claims," as follows:

> Defendants Bauermeister, Marocco, Parkis or Poshkus, acting in concert with each other, violated plaintiff Flannery's expectation to be safe and secure, as well as medically provided for, by a failure to exercise reasonable care in preventing appreciable harm, when they knew or should have know n in the exercise or ordinary care, that Flannery is required to medicate with Klonopin, Remeron, and Motrin so prescribed by competent physicians. U.S. const. Amend 8.

See Plaintiff's Amended Complaint at Paragraph 7. Paragraph 9 of the Amended Complaint goes on to state Defendants violated Plaintiff's civil rights and subjected him to cruel and unusual punishment by virtue of the prescription medication issue described in Paragraph 7.

Thus, pursuant to the plain language of Plaintiff's Amended Complaint, it is clear Plaintiff has failed to state a claim upon which relief can be granted.

When an inmate complains of inadequate medical treatment, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106, 50 L. Ed. 2d 251, 97 S. Ct. 285 (1976). Officials must intentionally delay or completely deny access to medical care. Id. at `04-05. In order to state a cognizable claim, a prisoner must allege acts or omissions *sufficiently harmful* to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend evolving standards of decency in violation of the Eighth Amendment. Estelle, 429 U.S. at106 (U.S. 1976). (Emphasis added).

In this matter, Paragraph 7 of the Amended Complaint states that Defendants failed "to exercise reasonable care" and knew or should have known "in the exercise of ordinary care" that Plaintiff was to be prescribed certain medications. The allegations set forth are allegations of garden variety negligence not tantamount to deliberate indifference as defined in the case law. Therefore, as the allegations amount to nothing more than allegations of negligence and a failure to exercise ordinary care, Defendant Bauermeister requests that Plaintiff's Amended Complaint be dismissed pursuant to Rule 12(B)(6) of the Federal Rules of Civil Procedure.

Finally, Plaintiff's Amended Complaint should also be dismissed pursuant to Rule 12(B)(6) as Plaintiff makes no causal connection between the actions of this Defendant and any alleged injuries in this case beyond making a bald assertion that he should have received different prescriptions. As noted in the Dartmouth Review case, "[E]mpirically unverifiable" conclusions, not "logically compelled, or at least supported, by the stated facts," deserve no deference.

## IV. CONCLUSION

For the foregoing reasons, Defendant requests that his Motion to Dismiss be granted.

Defendant,
Dr. Baumeister [*sic*] [Martin Bauermeister,M.D.]

By his Attorneys,
ROBERTS CARROLL FELDSTEIN & PEIRCE

_/s/ John B. Moretta________________

John B. Moretta, Esq. (# 6984)
Roberts, Carroll, Feldstein & Peirce, Inc.
10 Weybosset Street, 8th Floor
Providence, RI 02903
401.521.7000
401 521-1328 (fax)
Email: jmoretta@rcfp.com

**CERTIFICATION**

I hereby certify that a true copy of this Memorandum of Law was mailed, postage prepaid, on the 2nd day of August 2007, to the following:

Mr. Thomas Flannery
MCI Shirley
P. O. Box 1218
Shirley, MA 01464

/s/ John B. Moretta

______________________________

I hereby certify that on this 2nd day of August 2007, the within document was filed electronically through the ECF System, where it is available for viewing and downloading and will be sent electronically to the counsel of record listed below who are registered participants identified on the Notice of Electronic Filing:

Michael B. Grant, Esquire
40 Howard Avenue
Cranston, RI 02920

Jay M. Elias, Esq.
Ratcliffe, Burke Harten & Elias
1600 Financial Plaza
Providence, RI 02903
401.331.3400 401.331.3440 [Fax]
E-Mail: jelias@rbhelaw.com

/s/ John B. Moretta

______________________________