UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS FLANNERY | ) | |
| Plaintiff | ) | |
| v. | ) | C. A. 06-399S |
| DR. BAUMEISTER et al | ) | |
| Defendants | ) | |

MOTION TO RECUSE

The plaintiff respectfully moves this Court, Justice William E. Smith, in his initial appearance as the presiding justice in this matter, recuse himself from consideration of this civil action, due primarily to his bias and prejudice toward this pro se prisoner-litigant pursuant to 28 U.S.C. §§ 144, 455.

As reasons therefore, the plaintiff attaches his requisite affidavit in support of recusal.

WHEREFORE, plaintiff prays that his motion be ALLOWED, the presiding justice replaced accordingly.

Respectfully submitted,

[signature]

Thomas Flannery, pro se
Box 1218
Shirley, MA 01464

July 31, 2007

UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS FLANNERY | ) | |
| Plaintiff | ) | |
| v. | ) | C. A. NO. 06-399S |
| DR. BAUMEISTER et al | ) | |
| Defendants | ) | |

AFFIDAVIT IN SUPPORT OF RECUSAL

PURSUANT TO 28 U.S.C. §§ 144, 455.

I, THOMAS FLANNERY, Plaintiff in the above captioned matter, hereby depose and state:

1. On July 30, 2007, a telephonic conference convened at MCI Shirley Medium, a correctional institution providing custody of the plaintiff-prisoner.

2. Four days prior, July 26, 2007, defendant DR. BAUMEISTER, represented by John Moretta, Esquire, requested said conference relative to summary judgement filings, which was also supported by defendant POSHKUS through his counsel, Jay Elias, Esquire. **EXHIBIT A.**

3. The telephonic conference was presided over by Justice William E. Smith and included all other parties directly involved in the civil action pending in the United States District Court of Rhode Island and whose case number is stated in the caption. Michael Grant, Esquire, represented defendants WALL and MAROCCO.

4. On July 30, 2007, plaintiff FLANNERY was summoned to the place where the conference was to be held and compelled to then participate in the telephone talks, which he did fearing sanctions for refusing to do so, whether by the presiding judge or his custodians.

5. FLANNERY objected at the outset on the basis that he had no prior notice of the conference, nor able to challenge it under the Rules of Federal Procedure entitled him, much more the fact that his due process right was now abridged.

6. DR. BAUMEISTER's counsel requested the conference on July 26, 2007, four days prior to the actual talks, which included two weekend days, making allowance for the court's adjudication one day, July 27th, a Friday. To date, FLANNERY has not received such notice from the clerk.

7. The presiding judge's Pretrial Order of June 12, 2007, ¶ 3, Dispositive Motions, stated that while such motions are to be filed by August 2, 2007, counsel must request a conference with the court relative to summary judgement. Said request is made in the instant case without observance of the rules, nor of FLANNERY's procedural due process right to be heard, most especially in his opposition to this court's continuing rush to judgement.

8. On July 9, 2007, defendant DR. BAUMEISTER through his counsel moved the court to depose FLANNERY, to which plaintiff objected and opposed on July 16, 2007. Paper No. 49, 50 of this docket. The determination was referred to and made by Magistrate Judge Hagopian.

9. On July 24, 2007, the court granted defendants' joint request to depose FLANNERY notwithstanding his opposition and his inability to depose defendants while incarcerated. FLANNERY requested a protective order pursuant to Fed. R. Civ. P. 26(c), 28 U.S.C.A., to no avail, another example of the bias and prejudice that permeates this prisoner case.

10. During the telephonic conference FLANNERY was repeatedly told not to interrupt the proceedings, although his attempts to interpose an argument or fact that challenged statements made by defendants' counsel had not been available to him. Worse, the presiding judge, in his colloquoy to defendants' counsel, offered that " ... it makes sense to depose him [Flannery] before filing dispositive motion."

11. On July 30, 2007, an ORDER was issued by the court that defendants shall file their Rule 56 motion by August 2, 2007, the plaintiff by September 2, 2007. Paper No. 54

12. Construing the preceding ORDER to have granted FLANNERY a thirty-day enlargement for his dispositive(s) motion(s), it still does not offer the requested relief via an enlargement of time for sixty-days to file his opposition to defendants' Rule 12(b)(6) motion.

SWORN to by me this 1st day of August 2007, at Shirley, MA 01464.

Thomas Flannery, pro se
Affiant