UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

THOMAS FLANNERY )
Plaintiff )
v. ) C. A. No. 06-399S
DR. BAUMEISTER et al )
Defendants )

PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' REQUEST PURSUANT TO FED. R. CIV. P. 12(b)(6)

The plaintiff respectfully moves this Court to DISMISS the defendants' request under the rule for good cause.

As reason therefore, the plaintiff accompanies this motion with his memorandum of law.

WHEREFORE, the plaintiff prays this motion be GRANTED for the reasons set forth in his memorandum.

Respectfully submitted,

Thomas Flannery, pro se
W86388
Box 1218
Shirley, MA 01464

August 7, 2007

UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS FLANNERY | ) | |
| Plaintiff | ) | |
| v. | ) | C. A. No. 06-399S |
| DR. BAUMEISTER et al | ) | |
| Defendants | ) | |

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PER FED. R. CIV. P. 12(b)(6)

The defendants, WALL and MAROCCO, bring their dismissal per the rule, but do not speak to summary judgement alternatively. While the plaintiff asserts that there are facts still in dispute in this case, recharacterization by the presiding judge may well differ upon his findings. Summary judgement under Fed. R. Civ. P. 56 is anticipated by the remaining defendants, whose strategy and actions have foretold this expectation. The plaintiff has not sought the declaratory and injunctive relief that WALL and MAROCCO assert in their Memorandum in support of this Rule 12(b)(6), but did request compensatory and punitive damages.

Alleging that the plaintiff's complaint is "sparse," the defendants-movants also maintain a violation of Fed. R. Civ. P. 8(a). See DM-3, 1[1].

---

[1]Refers to DEFENDANTS" MEMORANDUM, per page and paragraph.

In **Buck v. American Airlines, Inc.** 476 F. 3d 29, 32 (1st Cir. 2007), where the entry in the district court related to a "sparse" complaint as well, the appeal still had to be reviewed de novo by an appellate court, accepting plaintiff's well-pleaded facts as true and indulging all reasonable inferences to his "behoof." **McCloskey v. Mueller**, 446 F.3d 262, 266 (1st Cir. 2006); **Watterson v. Page**, 987 F.2d 1, 3 (1st Cir. 1993).

As well, the practice of judicial recharacterization of a pro se litigant's motions is a mutation of the principal that his allegations in the complaint are to be held "to a less stringent standard than formal draftings by lawyers." **Castro v. United States**, 540 U.S. 375, 386 (2003) (quoting **Haines v. Kerber**, 404 U.S. 519, 520 in 1972).

The paternal exception, judicially, to the principal of party self-determination, born of a belief that they know better assumption does not hold true for pro se prisoners. **Ibid.**

Defendants Failure To Exhaust claim, DM-5, 1, negelects to add that the doctrine of exaustion per the Prison Litigation Reform Act (PLRA) of 1995 is viewed by every Circuit now as an affirmative defense. Claims brought under 42 U.S.C. § 1983 may not be a source of the PLRA, which do not require exaustion at all, see **Patsy v. Board of Regents of Fla.**, 457 U.S. 496, 516 (1982); also **Jones v. Bock**, 127 S.Ct. 910, 918-919, Decided Jan. 22, 2007.

The case at bar is a civil rights action, inter alia, which PLRA exaustion has been exausted, although not subject to a dismissal when exausted to some, but not all claims. **Id.**, 127 S.Ct. at 923-924.

Notwithstanding plaintiff's assertion in his Complaint, CLAIM, ¶ 8, the defendants argue the doctrine of Respondeat Superior. DM-4, 1. It is an argument misplaced where plaintiff declined.

In **Liu v. Striuli**, 36 F.Supp.2d 452, 467 (D. R.I. 1999), the Rhode Island Supreme Court determined that an employer owes certain third parties a duty to protect them from harms inflicted by the employer's workers. See **Welch Mfg. v. Pinkerton's, Inc.**, 474 A.2d 436, 440 (R.I. 1984). Under this formulation of the employer's duty, liability for the harmful acts of employees is not premised on the doctrine of respondeat superior, but on a separate affirmative duty owed by the employer to third persons who may reasonably be expected to come into contact with the employees. See **Mainella v. Staff Builders Indus. Servs., Inc.**, 608 A.2d 1141, 1144-45 (R.I. 1992); Restatement (Second) of Agency § 213 (1958); Restatement (Second) of Torts § 302B cmt. e (1965).

Plaintiff's Complaint asserted a claim under the common law theory of negligence, inter alia, i.e., civil rights and cruel and unusual treatment, both constitutionally proscribed. To maintain a cause of action for negligence under Rhode Island, a plaintiff must establish (1) a duty owed by the defednats to him, (2) a breach of that duty, (3) actual and legal causation between the defendants' conduct and the plaintiff's injury and (4) actual loss or damage. **Id.**, 36 F.Supp.2d at 466; **Mills v. State Sales, Inc.**, 824 A.2d 461, 467 (R.I. 2003).

"It is axiomatic that to tort law that this duty [owed] goes to the very existance of liability ... " See **Swajian v. General**

**Motors Corp.**, 559 A.2d 1041, 1046 (R.I. 1989).

Under Rhode Island law, its Department of Correction clearly owes the plaintiff a duty to protect him from harms inflicted by officers and staff where a custodial relationship obviates the duty in a hostile environment. Further, a breach of that duty attaches a liability that a supervisory entity bears for the actionable conduct of surbordinates based on their significant relationship. See **Drake v. Star Market Co.**, 526 A.2d 517, 519 (R.I. 1987); **Bryce v. Jackson Diners Corp.**, 80 R.I. 327, 96 A.2d 637, 640 (R.I. 1953); also **Mainella**, 608 A.2d at 1144.

As to causation and effect, the **Welch** standard is applicable to the negligent supervision when viewing the facts of the case at bar. In plaintiff's Complaint, FACTS, ¶ 13, FLANNERY is duly provided a medical screen upon entering the institution by an RN, which states he is currently prescribed certain medications while in Massachusetts. FLANNERY is compelled to submit medical requests to obtain his medications when he is denied same at the medical line. **Id.**, ¶ 14. Defendant DR. BAUMEISTER examines, who refuses to dispense the prescribed medication and alleges that no proven need is demonstrated, while offering an alternative having no effect. **Id.**, ¶ 15. FLANNERY is compelled to grieve the denial for prescribed medications, but is told that medical care is not grievable by a staff lieutenant, who also states that the doctor's decision "is fine." **Id.**, ¶¶ 16, 17. The resultant effect was FLANNERY's continued requests and denials until he is placed in segregation (K-18) where he is both physically and mentally ill, to which is derived from a lack of medication.

As the plaintiff asserted in his Complaint, CLAIM, ¶ 8. the defendant WALL, admitted to relevant facts and circumstances in this matter without encouragement, unsolicited, and is, allegedly, complicit with the remaining defendants in the case. In fact, the defendant earned his way to becoming a defendant.

The negligence also attaches to an employer, the state agency itself, where liability is premised on its failure to exercise reasonable care in selecting persons whom the management knew or should have known was unfit or incompetent for employment, thereby exposing plaintiff to an unreasonable risk of harm. **Welsh**, 474 A.2 at 440.

Unlike those employees who are not reasonably forseen to be dangers to those in their care and custody, the instant case presents the opposite - that such employees are reasonably expected to simply follow the prescribed agenda notwithstanding whether or not it was right or wrong. Moreover, subordinates of a quasi-military unit as is seen in prison in general, usually know and understand the violative conduct when conducting the march orders. It is so in the case at bar and is expressed as much in plaintiff's Amended Complaint.

The existance and extent of a duty to care are questions of law for the court to decide, **Palmisciano v. Burrillville Racing Ass'n**, 603 A.2 317, 320 (R.I. 1992); **Mignone v. Feldcrest Mills**, 556 A.2 35, 37 (R.I. 1989, to which this court has a duty.

The remaining defendants, MAROCCO, POSHKUS, not specifically named in this memorandum, bear the same responsibilities and duties of care as DR. BAUMEISTER and WALL. The plaintiff

adopts and realleges ¶¶ 1-4, pages 3-4; ¶¶ 1-2, page 4 and ¶¶ 1-5, page 5, of this Complaint, and incorporate it by reference as if fully set forth herein.

For all the reasons stated herein, the plaintiff prays that the defendants', WALL and MAROCCO, motion be DENIED.

Respectfully submitted,

Tom Fley

Thomas Flannery, pro se
Box 1218
Shirley, MA 01464

August 7, 2007

CERTIFICATE OF SERVICE

I certify that I have served a true copy of my motion, with memorandum of law, to defendants' counsel: Michael Grant, Esq.; Jay Elias, Esq.; John Moretta, Esq., via first class mail, postage paid, this 7th day of August 2007.

Tom Flannery

Thomas Flannery, pro se
Box 1218
Shirley, MA 01464