UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS FLANNERY | ) | |
| Plaintiff | ) | |
| v. | ) | C. A. NO. 06-399S |
| DR. BAUMEISTER et al | ) | |
| Defendants | ) | |

PLAINTIFF'S SECOND MOTION TO DISMISS DEFENDANTS' REQUEST UNDER FED. R. CIV. P. 12(b)(6)

The plaintiff respectfully moves this Court to DISMISS the defendants' request under the rule for good cause.

As reason therefore, the plaintiff accompanies this second effort with a memorandum of law in support of his request to deny the imposition of defendants' request.

WHEREFORE, plaintiff prays that this motion be GRANTED for the reasons set forth in his memorandum.

Respectfully submitted,

Thomas Flannery, pro se
W86388
Box 1218
Shirley, MA 01464

August 9, 2007

UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS FLANNERY | ) | |
| Plaintiff | ) | |
| v. | ) | C. A. No. 06-388S |
| DR. BAUMEISTER et al | ) | |
| Defendants | ) | |

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PER FED. R. CIV. P. 12(b)(6)

The defendants, DR. BAUMEISTER and POSHKUS, bring their dismissals under the rule, while they, too, like WALL and MAROCCO, do not speak to summary judgement alternatively.

In the first instance, DR. BAUMEISTER, in his motion to dismiss, allege that the plaintiff has failed to exaust his administrative remedies.

Plaintiff will reiterate, as well as reallege ¶¶ 4 and 5, page 2, PM[1], relative to defendants WALL and MAROCCO. Further, in his citation of **Jones v. Bock**, 127 S.Ct. 910, 918-919, Decided Jan 22, 2007, the plaintiff must add that Chief Justice Roberts, who delivered the opinion of the Court, stated that varying rules in different circuits as to the PLRA are not required in the PLRA and that "crafting and imposing them exceeds the proper limits on the judicial role." **Id.**, 127 S.Ct. at 914.

[1] Plaintiff's Memorandum (of Law in Support of His Opposition to DEFENDANTS' Motion to DISMISS per Fed. R. Civ. P. 12(b)(6)), per paragraph(s) and page(s).

Plaintiff did attempt to grieve the denial of his prescribed medications, but is rebuffed by correctiona staff and told that medical care is not grievable and that the doctor's decision "is fine," Plaintiff's Amended Complaint, FACTS, ¶¶ 16, 17. As a result of his continuing requests, which are denied, the plaintiff is placed in segregation. **Ibid.**

Further, the defendants' own memorandum of law in this matter to dismiss support the preceding attempt at exausting grievance, while asserting that plaintiff "blatantly fails" in this. Page 3, III ARGUMENT, ¶ 1. Clearly, the defendant elects to argue a point that can only be specious in nature. After all, it cannot be expected that a Massachusetts prisoner, temporarily in the custody of Rhode Island correctional officials, should know, or be aware that an appeal of the refusal to accept his grievance is available notwithstanding the deliberate and misleading statement of an officer in whose care and custody the plaintiff finds himself. Shame on the defendants' counsel, for an attempt to rid themselves of claims alleged to be seriously harmful to a prisoner in their care and custody, they would resort to a R. 12(b)(6). It is R. 56 that is the lethal weapon and should have been the first one of choice.

As to defendants' claim for failing to state a claim, the plaintiff reiterates and realleges ¶¶ 1, 2, 3, page 2, of PM relative to defendants WALL and MAROCCO, as well as ¶¶ 1, 2, 3, 4, of page 3, and ¶¶ 1, 2, of page 4, and ¶¶ 1, 2, 3, 4, of page 5 and 6, incorporating them by reference as if fully stated and set forth herein.

Finally, defendant POSHKUS argues Supervisory Liability, or the alleged claim by the plaintiff as to respondeat supervisor. Plaintiff will reiterate and reallege ¶¶ 1, 2, 3, 4, of page 3 and ¶¶ 1, 2, of page 4, as well as ¶¶ 1, 2, 3, 4, of page 5 and 3, incorporating them by reference as if fully set forth herein.

For all the reasons stated in this memorandum of law, the plaintiff prays that the defendants', DR. BAUMEISTER and POSHKUS, motion be denied.

Respectfully submitted,

Thomas Flannery, pro se
Box 1218
Shirley, MA 01464

August 9, 2007

# CERTIFICATE OF SERVICE

I certify that I have served a true copy of my opposition within to defendants' council: Jay Elias, Esq.; Michael Grant, Esq.; Michael Grant, Esq. and John Moretta, Esq., via first class mail, postage paid, this 9th day of August 2007, by depositing same in the institution's mail drop.

Tom Flannery

Thomas Flannery, pro se
Box 1218
Shirley, MA 01464