**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**THOMAS FLANNERY** :
:
**v.** : **C.A. No. 06-399S**
:
**DR. BAUMEISTER; JOSEPH MAROCCO;** :
**MICHAEL PARKIS; and A. T. WALL** :

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT MICHAEL PARKIS' [*sic*] OBJECTION**
**TO PLAINTIFF'S MOTION TO RECUSE**

Defendant Michael Parkis [*sic*] hereby submits this Memorandum in Support of his Objection to Plaintiff's Motion to Recuse.

**ARGUMENT**

Plaintiff has filed a motion seeking to have the Honorable Judge William E. Smith recuse himself from consideration of this lawsuit due "primarily to his bias and prejudice" towards the plaintiff. In support of his motion, Plaintiff has asserted that he was not provided notice of, or an opportunity to challenge, a telephone conference which was scheduled to be conducted with Judge Smith and all counsel of record, and which, in fact, was conducted. The purpose of the telephone conference was to discuss the possible filing of motions for summary judgment by defendants Martin Bauermeister, M.D. and Michael Poshkus, M.D. Plaintiff has also asserted his belief that a statement offered by Judge Smith regarding the order of proceedings of depositions and motions which was allegedly made at the time of the telephone conference somehow reflects a bias on the part of the Judge. Defendant Michael Poshkus, M.D. disagrees with Plaintiff's assessment and allegations and objects to the motion for recusal on the grounds that it is without any foundation in fact or at law.

Plaintiff claims the defendants Bauermeister and Poshkus failed to comply with the applicable rules of civil procedure, and, as a result, he contends his procedural due process right to be heard was violated when these defendants requested a conference with the Court to address their interest in filing motions for summary judgment motions. There was no *ex parte* communications with the Court here. All parties were properly notified and provided photocopies of the correspondence to the Court. There was no other verbal communications with Judge Smith and there was no other written correspondence to the Court.

The defendants were, in fact, **required** by the PreTrial Order of the Court dated June 12, 2007 to request a conference prior to filing summary judgment motions. The defendants complied with this Order by contacting the Court *via* written correspondence only for the purpose of requesting the conference. As noted above, Plaintiff was timely provided with a photocopy of the correspondence, as were all counsel of record. The PreTrial Order did not specify *when* the request for the conference was to be submitted, and the applicable rules of civil procedure, Federal Rules of Civil Procedure Rule 56 and Local Rule 56 do not specify the timing of the request for a conference. Defendants did not fail to comply with the rules as Plaintiff alleges.

Plaintiff further asserts that because the Honorable Judge Smith noted during the summary judgment conference that it may make sense to depose the plaintiff before the filing of dispositive motions, this somehow evidences a judicial bias against Mr. Flannery. In fact, an Order of Magistrate Judge Hagopian which granted defendants' Bauermeister and Poshkus' Joint Motion for Leave to Depose the Plaintiff has already been issued and entered. The decision whether to permit a defendant to depose an incarcerated plaintiff is within the discretion of the Court. The decision to permit Plaintiff to be deposed by the defendants in this case is in no way evidence of any bias, and Judge Smith's inquiry to the parties as to the timing of the deposition should not properly be construed as evidencing any bias

It was a fair and impartial inquiry made as part of the Judge's assessment of the case and the progress of the litigation.

WHEREFORE, Defendant Michael Poshkus. M.D. respectfully submits that Plaintiff's Motion to Recuse should be denied.

Respectfully Submitted,

Defendant

**Michael Parkis [*sic*] [Michael Poshkus, M.D.]**
By his attorneys,

RATCLIFFE BURKE HARTEN & ELIAS, LLP

/s/ Jay M. Elias

Jay M. Elias, Esquire (#3050)
1600 Financial Plaza
Providence, RI 02903
401.331.3400 401.331.3440 [Fax]
E-Mail: jelias@rbhelaw.com

## CERTIFICATION

I hereby certify that a true copy of the within was mailed, postage prepaid, on this ________ day of August, 2007, to the following:

***Legal Mail/Confidential***
Mr. Thomas Flannery, #W-86388
MCI Shirley
P. O. Box 1218
Shirley, MA 01464

/s/ Jay M. Elias

I hereby certify that on this _______ day of August, 2007, the within document was filed electronically through the ECF System, where it is available for viewing and downloading and

will be sent electronically to the counsel of record listed below who are registered participants identified on the Notice of Electronic Filing:

Michael B. Grant, Esquire
Department of Corrections
40 Howard Avenue
Cranston, RI 02920

John B. Moretta, Esquire
Roberts, Carroll, Feldstein & Peirce, Inc.
10 Weybosset Street, 8th Floor
Providence, RI 02903

/s/ Jay M Elias

*Memo on support of Obj to P's Mot To Recuse 8 14 07*