UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THOMAS FLANNERY

v. C. A. NO. 06-399 S

A. T. WALL, II, ET AL

DEFENDANTS' OBJECTION TO
PLAINTIFF'S MOTION TO RECUSE

Now come Defendants A. T. Wall, II and Joseph Marocco and hereby object to Plaintiff's Motion To Recuse District Judge William E. Smith presiding over the instant civil action as and for the reasons proffered in the accompanying Memorandum.

DEFENDANTS,
By Their Attorney,

/S/ Michael B. Grant

Michael B. Grant
Deputy Chief Legal Counsel
Rhode Island Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864

CERTIFICATION

The undersigned hereby certifies that on this, the 14th day of August, 2007, I mailed a true copy of the within Defendants' Objection to Plaintiff's Motion to Recuse and accompanying Memorandum to Thomas Flannery, Souza-Baranowski Correctional Center, P. O. Box 8000, Shirley, Massachusetts 01464, John B. Moretta, Esq., 10 Weybosset St., Providence, R. I. 02903, and to Jay M. Elias, Esq., One Financial Plaza, Providence R. I. 02903.

/S/ Michael B. Grant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THOMAS FLANNERY

v. C. A. NO. 06-399 S

A. T. WALL, II, ET AL

MEMORANDUM

Plaintiff has filed the instant motion seeking to recuse District Judge William E. Smith from presiding over the instant action. In support thereof, Plaintiff has filed an affidavit pursuant to 248 U.S.C. §§ 144, 155, which asserts that on July 30, 2007, at the request of Attorney Moretta, who represents Dr. Bauermeister, Judge Smith presided over the telephonic conference relative to possible summary judgment filings by the Defendants; That Attorneys John Moretta and Jay Elias, as well as the Plaintiff and the undersigned, took part in the conference and that Plaintiff did not receive notice of the same; that during the telephonic conference, Plaintiff was repeatedly told not to interrupt the proceedings by Judge Smith, and that Judge Smith, at some point during the conference, indicated that it would make sense to take Plaintiff's deposition before filing a dispositive motion; that on July 24, 2007, this Honorable Court granted a joint request by the Defendants to depose Plaintiff notwithstanding his objection;

**ARGUMENT**

Nothing in the Plaintiff's affidavit can possibly give rise to any indication that Judge Smith displayed bias or prejudice toward the Plaintiff. Although Plaintiff urges that his due process rights were violated by Judge Smith's scheduling the telephone conference without input from the Plaintiff, Plaintiff fails to identify what constitutional right is implicated, and how it was violated. All parties were directed by the pretrial order filed in this case on June 12, 2007, to request a conference with the Court prior to filing a motion for

summary judgment Attorney Moretta was simply following the pretrial order entered in this case when he requested a conference with Judge Smith. Plaintiff infers that Judge Smith's conduct during the telephonic conference in having the Plaintiff not interrupt was inappropriate and unjustified. However, Plaintiff, in fact, did interrupt Judge Smith and Counsel for Defendants several times during the conference.

Finally, Plaintiff draws a negative inference from Judge Smith's utterance during the telephonic conference that it would make sense to take the Plaintiff's deposition before the submission of dispositive motions. Such an inference is misplaced as prior to the conference Magistrate Judge Jacob Hagopian granted a joint motion filed by defendants to take Plaintiff's deposition, not Judge Smith. This Honorable Court has clear discretion to allow depositions of those incarcerated.

Accordingly, because Plaintiff has failed to show any bias or prejudice against him or in favor of an adverse party, the Court should deny the motion for recusal.

Respectfully submitted,

/S/ Michael B. Grant

Michael B. Grant
Deputy Chief Legal Counsel
Rhode Island Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864