UNITED STATES OF AMERICA

DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS FLANNERY | ) | |
| Plaintiff | ) | |
| v. | ) | C. A. NO. 06-399S |
| DR. BAUERMESISTER et al | ) | |
| Defendants | ) | |

PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT

Following his opposition to defendants motion for summary judgement, the plaintiff now moves this Court for his own request under Fed. R. Civ. P. 56.

As reasons therefore, plaintiff is duly ORDERED by this Court (Hagopian, MJ) to file said request no later than 15 October 2007, paper entry 68, a time determined upon the denial of plaintiff's request for an enlargement, document number 74. Plaintiff is segregated, with very limited access to the law library and to legal materials and objects to the continuing prejudice toward him by this Court when this First Circuit has determined that prisoners, pro se, are to have their pleadings liberally construed and not made to strictly adhere to the prescribed rules as are attorneys. This is not to say that the plaintiff can prevail in any matter if not "on point" ultimately. This does say that this District's handling of prisoner cases is abysmally poor.

## PRELIMINARY STATEMENT

The plaintiff, limited by access due to conditions of his confinement, as well as a time constraint, will forgo an Introduction, Case Background and any other recitation usually preceding an argument relative to summary judgement. He does not, however, acquiesce with the defendants format in this case.

The plaintiff relies upon his sworn Complaint, amended, the facts proffered therein are of insufficient challenge by defendants' pleadings relative to dismissal and summary judgement. More apt, the facts contained in his Complaint, paragraphs 12 through 25 are not in dispute.

Relied upon too, is plaintiff's opposition to defendants' dual pleadings (all jointly) where (1) plaintiff did state a claim where relief is warranted, (2) exposed defendants' own version of the "Undisputed Facts" as not what the facts may one day portend, but the record as it stands, (3) dispelled the myth that experts are "required" to prove and support defendants' claims when the burden rests upon the mover of summary judgement, (4) corrected defendants' mis-application of the PLRA where it is not required in 42 U.S.C. Section 1983 prisoner cases, but that recent caselaw abrogated four court of appeals cases per a Supreme Court determination by its Chief Justice, (5) reminded defendants that "strict scrutiny" is triggered in plaintiff's claim of a fundamental right, that of substantive due process, derived from natural law, the Fourteenth Amendment applicable to his Eighth Amendment claim in this matter, where the focus is on "what" the defendants did, as opposed to "how" and "when" they did it, and (6) the defendants' claim of immunity, be it

qualified or otherwise, must fail due to standards found in the Supreme Court's determinations, as well as specific First Circuit standards. Immunity claims fail when the offending law is very clearly established, the governmental official, compotently, knowing the law governing his conduct, yet reacted deliberately and knowingly, a subjective and objective test not justified by ignorance, or the commands of his superiors. See, i.e., the Plaintiff's Opposition, Part Two, Summary Judgement, pages 17-20.

Lastly, deleted from the preceding paragraph, is the defendants having reserved their primary argument entitled Arument and Analysis, IV, Joint Motion of Defendant Michael Parkis (sic) and Defendant Dr. Baumeister (sic) In Support of Defendants' Motion For Summary Judgement. It should have been entitled "Deliberate Indifference" alone. Moreover, the plaintiff's inquiring mind would wonder if defendant POSHKUS' counsel has had ample glee in his "(sic)ness" references too often repeated? In any event, the deliberate standard of the Eigth Amendment is reserved here by plaintiff, for it is the crux of this matter.

DELIBERATELY INDIFFERENT IN RHODE ISLAND

First and foremost, the plaintiff revisits **Trop v. Dulles**, 356 U.S. 86, 101 (1958) where it is stated the the Eighth Amendment prohibits punishments that are incompatible with the "evolving standards of decency that mark the progress of a maturing society."

Surely we have evolved. In 2007, however, we debate whether or not torture is acceptable practice toward our prisoners of war. Nuremburg's trials have taught us that it is not.

In **Farmer v. Brennan**, 511 U.S. 825, 828 (1994), the deliberate indifference standard applies more broaly to actions or omissions that create a substantial risk of serious harm to an inmate, while echoing **Trop**, supra. It is also applicable to unhealthy prison conditions, even if they have not caused harm, **Helling v. McKinney**, 509 U.S. 25, 32-33 (1993), as well as to conditions of confinement and inadequate medical care, **Wilson v. Seiter**, 501 U.S. 294, 303 (1991). The latter citation best describes the deliberate and unlawful indifference in the instant case.

Defendants relied upon **Estelle v. Gamble**, 429 U.S. 97, 104-05 (1976) to make their defense in this two-prong inquiry that can determine intentional apathy, that of subjective and objective prongs. Lest we forget, a medical need is serious if it is either diagnosed by a physician as mandating treatment, or is so obvious that a lay person easily would recognize the necessity of a doctor's attention. **Cox v. District of Columbia**, 834 F.Supp. 439, 441 (D. D.C. 1992).

The record will reflect that the plaintiff was prescribed a regimen of medication, specifically Klonopin, 0.5mg BID, Remeron, 60mg q.HS and Motrin, 800mg, by a physician employed by the Massachusetts Department of Correction, upon his arrival at the Rhode Island facility and as the plaintiff reported during his medical screen entry. PAM-4/13[1].

---

[1] PAM: Plaintiff's Amended Complaint, by page and paragraph.

At this juncture, the defendants, through their subordinates, made a concious decision to not belive the plaintiff's response to his current medications, but also chose not to rely upon the confirmation of Massachusetts authorities by refusing to contact plaintiff's medical providers in the Commonwealth. Such conduct is deliberately indifferent to plaintiff's medical needs and the inaction points to a subjective awareness of plaintiff's risk of withdrawal. Objectively, the deprivation of his medications can be easily recognized by a medical professional, or a lay person, that withdrawal by plaintiff would require a doctor's attention at least. **Cox**, supra.

The plaintiff consistantly demonstrated his need for the medications prescribed by complaints of chest pain, anxiety attacks and the ineffectiveness of defendant BAUERMEISTER's substitution of Wellbutrin and Elavil. PAM-5/19 through 25. In this aspect, defendant BAUERMEISTER made a concious decision not to rely upon his colleagues in Massachusetts and to treat the plaintiff against his patient's entreatments to investigate the medical record obtained unknowingly by plaintiff and his inability to grieve said treatment. PAC-4/15 through 18.

Demonstrating erratic conduct, sick and disoriented, the plaintiff begins to threaten court officers, destroys state property and refuses all direct orders when compelled to do so by both medical and security personell, which lands him in the segregation unit, alone and lacking proper treatment. PAC-5/25.

The two-prong inquiry is satisfied, as stated in both **Estelle**, supra, and **Pryor-El v. Kelly**, 892 F.Supp. 261, 272 (D. D.C. 1995),

when defendant BAUERMEISTER obviously knew of plaintiff's needs notwithstanding to simply inquire of Massachusetts health providers, as he treated plaintiff in Rhode Island. Despite this fact, BAUERMEISTER withheld medications and subjected plaintiff to "inhumane conditions of confinement" while under his care. Defendant POSHKUS bears responsibility for the cruel and not usual treatment accorded plaintiff, for as the chief administrator of health services at the correctional center ACI-Rhode Island he had complete access to the daily reports customarily finding their way to the "boss." Moreover, plaintiff's medical records were available to POSHKUS and he had to know of the the deliberate withholding of plaintiff's medications, as well as the degrees of indifference afforded the out-of-state prisoner. Defendant MAROCCO, perhaps as much as POSHKUS, had total acces to all information pertaining to the plaintiff and other inmates that receive medical treatment in Rhode Island's prisons. With this knowledge, both were deliberately indifferent toward events and allowed the issue(s) to continue without intervention and despite having the authority to resolve it before the issues began to multiply.

Defendant WALL, who chose to shoulder the responsibility of his subordinates, had an even greater opportunity to resolve the issues arising from a transferee's admission to his facility under his custodial directorship of Rhode Island prisons. He knew just as the other defendants did, knew too, of the prevailing law that protects prisoiners in his care, but chose to proceed in like lock-step with BAUMEISTER, POSHKUS, MAROCCO. And more

than the others, WALL was in a unique position to discover what events and circumstances were transpiring with prisoner-plaintiff FLANNERY early on and with precision. No doubt he was consulted and advised of said conditions, such is the security curtain wound very tight in prisons generally, by both his subordinates at least, Officers HANLEY and BARNEY (stipulated dismissed with no objecvtions or challenges).

Finally, an employer owes certain third parties a duty to protect them from harms inflicted by the employer's workers. **Liu v. Striuli**, 36 F.Supp.2d 452, 467 (D. R.I. 1999). Liability for the harmful acts of employees is not premised on the doctrine of respondeat superior, but on a separate duty of an affirmative nature. **Mainella v. Staff Builders Indus. Servs., Inc.**, 608 A.2d 1141, 1144-45 (R.I. 1992).

Plaintiff has met the three prongs to maintain a cause of action for negligence here in what amounts to Rhode Island's "deliberate indifference" annexation to the case at bar. The three prongs relate to a civil rights action and the standard defined in the Eighth Amendment's deliberate indifference analysis, all of which is constitutionally proscribed. **Liu**, 36 F.Supp.2d at 466; **Mills v. State Sales, Inc.**, 824 A.2d 461, 467 (R.I. 2003).

"It is axiomatic that to tort law that this duty (owed) goes to the very existance of liability ... " See **Swajian v. General Motors Corp.**, 559 A.2d 1041, 1046 (R.I. 1989).

Under Rhode Island law, the defendants' employer, the RIDOC, clearly owes plaintiff a duty to protect him from harms that may be inflicted by prison officials and health care staff where

a custodial relationship oviates such duty in a hostile environment, the ACI. Also, a breach of that duty attaches a liability that a supervisory entity bears for the actionable conduct of subordinates based on their significant relationship. See **Drake v. Star Market Co.**, 526 A.2d 517, 519 (R.I. 1987); **Bryce v. Jackson Diners Corp.**, 80 R.I. 327, 96 A.2d 637, 640 (R.I. 1953); **Mainella**, supra.

CONCLUSION

For all of the foregoing reasons, the plaintiff respectfully request that this Court GRANT him summary judgement against the defendants in this matter. Plaintiff has set forths reliable facts and circumstances, purposely concise, that support an entry of summary judgement in his favor as a matter of law.

Respectfully submitted,

Tom Flannery

Thomas Flannery, pro se

Box 1218

Shirley, MA 01464

Dated: October 11, 2007

VERIFICATION

I certify that the preceding facts and circumstances stated are true to the best of my knowledge; I am compotent to testify to these matters.

Tom Flannery

Thomas Flannery, Affiant

# CERTIFICATE OF SERVICE

I certify that I have served a true copy of my motion for summary judgement, as ORDERED by the District Court of Rhode Island, to defendants' counsel: Jay Elias, Esq., Michael Grant, Esq., John Moretta, Esq., via first class mail, postage paid this 11th day of October 2007, by depositing same in the institution's mail drop.

Tom Flannery

Thomas Flannery

Plaintiff pro se

Box 1218

Shirley, MA 01464

RE: C. A. No. 06-399S

**Flannery v. Bauermeister et al**