**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **THOMAS FLANNERY** | : | |
| | : | |
| **v.** | : | **C.A. No. 06-399S** |
| | : | |
| **DR. BAUMEISTER; JOSEPH MAROCCO;** | : | |
| **MICHAEL PARKIS;and A. T. WALL** | : | |

**JOINT OBJECTION OF THE DEFENDANTS,**
**DR. BAUMEISTER [sic] and MICHAEL PARKIS [sic]**
**TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Now come the defendants, Dr. Baumeister (sic) (Martin Bauermeister, M.D.) and Michael Parkis (sic) and hereby object to the Motion for Summary Judgment of Plaintiff, Thomas Flannery. In support of this Objection, Defendants submit the attached Memorandum of Law and also rely upon the papers submitted in support of the Joint Motion for Summary Judgment of Defendants Bauermeister and Michael Parkis (*sic)*; said Motion was filed with this Honorable Court on August 1, 2007.

Defendant,
Martin Bauermeister,M.D.
By his Attorneys,

/s/ John B Moretta

John B. Moretta, Esq. (#6984)
Roberts, Carroll, Feldstein & Peirce, Inc.
10 Weybosset Street, 8th Floor
Providence, RI 02903
(401) 521-7000 (phone)
(401) 521-1328 (fax)

Defendant,
Michael Parkis (sic) [Michael Poshkus MD.]

By his Attorneys,

/s/ Jay M. Elias

Jay M. Elias, Esquire (#3050)
Ratcliffe Burke Harten & Elias, LLP
1600 Financial Plaza
Providence, RI 02903
401.331.3400
401.331.3440 [Fax]

**CERTIFICATION**

I hereby certify that a true copy of this Objection was mailed, postage prepaid, on the 31st day of October 2007, to the following:

***Legal Mail/Confidential***
Mr. Thomas Flannery, #W-86388
MCI Shirley
P. O. Box 1218
Shirley, MA 01464

/s/ Jay M. Elias

I hereby certify that on this 31st day of October 2007, the within document was filed electronically through the ECF System, where it is available for viewing and downloading and will be sent electronically to the counsel of record listed below who are registered participants identified on the Notice of Electronic Filing:

Michael B. Grant, Esquire
40 Howard Avenue
Cranston, RI 02920

John B. Moretta, Esquire
Roberts, Carroll, Feldstein & Peirce, Inc.
10 Weybosset Street, 8th Floor
Providence, RI 02903

/s/ Jay M. Elias

JBM (70-71)
334076 (10/22/07)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **THOMAS FLANNERY** | : | |
| | : | |
| **v.** | : | **C.A. No. 06-399S** |
| | : | |
| **DR. BAUMEISTER; JOSEPH MAROCCO;** | : | |
| **MICHAEL PARKIS;and A. T. WALL** | : | |

**MEMORANDUM OF LAW OF DEFENDANTS**
**DR. BAUMEISTER [sic] and MICHAEL PARKIS [sic]**
**IN SUPPORT OF DEFENDANTS' OBJECTION TO PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

Now come the Defendants Dr Baumeister (*sic*) and Michael Parkis (*sic*), and hereby file this Memorandum of Law in support of their opposition to the Motion for Summary Judgment of Plaintiff Thomas Flannery. Although these defendants are designated in the caption of Plaintiffs pleadings as "Dr. Baumeister" and "Michael Parkis", their correct names are Martin Bauermeister, M.D. (hereinafter sometimes referred to as "Dr. Bauermeister") and Michael Poshkus, M.D. (hereinafter sometimes referred to as "Dr. Poshkus")

Defendants respectfully submit that it is clear that Plaintiffs Motion for Summary Judgment must fail. Quite simply stated, there is no basis upon which the Motion can be granted, and Plaintiff has failed to provide any grounds upon which this Court properly can conclude that Plaintiff is entitled to Summary Judgment. As is established below, Plaintiff has failed to set forth any facts or legal principles to support such a finding; rather, it is the Defendants Baumeister and Poshkus who are entitled to Summary

Judgment at this stage of the litigation. Discovery has revealed that Plaintiff cannot prevail on his claims.[1]

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). According to Fed. R. Civ. P. 56(e):

> [W]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading. . . .

[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. Id. at 250, 106 S.Ct. at 2511. Accordingly, [i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990) (*quoting* Anderson 477 U.S. at 249-50 (1986)).

## III. ARGUMENT

### A. Plaintiff is not entitled to judgment as a matter of law on his Eighth Amendment Claims.

Plaintiff has alleged that these Defendants, among others, acted with deliberate indifference towards his medical needs. Plaintiff appears to allege that the prescription of, or the failure to prescribe, certain medications constituted inadequate medical care,

---

[1] On August 1, 2007, Defendants Poshkus and Bauermeister filed a Joint Motion for Summary Judgment along with a supporting memorandum of law and statement of undisputed facts. In addition, these two Defendants filed Motions to Dismiss. All motions remain pending before this Honorable Court.

thereby violated his Constitutional rights.

As noted previously by Defendants Bauermeister and Poshkus in support of their Joint Motion for Summary Judgment, in order to prevail on his Eighth Amendment claim that inadequate medical care amounted to medical mistreatment, Plaintiff must submit evidence of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 50 L. Ed. 2d 251, 97 S. Ct. 285 (1976). In order to do this, Plaintiff must (1) not only allege, but also provide evidence establishing, that 1) his medical needs were objectively serious, and (2) the Defendants acted with a state of mind akin to criminal recklessness to establish deliberate indifference.[2] Farmer v. Brennan, 511 U.S. 825, 837, 128 L.Ed.2d 811, 114 S.Ct. 1970 (1994). In DesRosiers v. Moran, the First Circuit Court of Appeals stated: "In order to establish deliberate indifference, the complainant must prove that the defendants had a culpable state of mind and intended wantonly to inflict pain." 949 F.2d 15, 19 (1st. Cir. 1991). Plaintiff has alleged no facts to support either of these two prongs. *Even if* all of the facts as alleged by Plaintiff were considered true for purposes of ruling on Plaintiff's Motion for Summary Judgment, he cannot prevail because none of the alleged facts in Plaintiff's pleadings could be considered by a reasonable person to be evidence that any of the Defendants acted with a state of mind akin to criminal recklessness.

Plaintiff contends he should have been prescribed certain medications; he simply disagrees with the medical decisions and treatment choices made by his healthcare providers. Defendants submit that "the courts have consistently refused to create constitutional claims out of disagreements between prisoners and doctors about the

---

[2] All exhibits referenced herein are appended to Defendants' Joint Memorandum of Law in Support of the Motion of Dr. Michael Poshkus and Dr. Bauermeister for Summary Judgment and/or the Joint Statement of Undisputed Facts submitted to the Court on August 1, 2007

proper course of a prisoner's medical treatment, or to conclude that simple medical malpractice rises to the level of cruel and unusual punishment." Watson v. Caton, 984 F.2d 537, 539-540 (1st Cir. (1993) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S Ct. 285, 292, 50 L.Ed.2d 251 (1976); DesRosiers v. Moran, 949 F.2d 15, 19 (1st Cir.1991)).

In the case of Carey v. Ward, M.D., et al., the plaintiff, a prisoner at New Hampshire's Northern Correctional Facility, alleged the defendants violated his Eighth and Fourteenth Amendment rights by exhibiting deliberate indifference towards his medical needs. Specifically, the plaintiff alleged that the Defendants denied him treatment for his hernia. Carey v. Ward, M.D., et al., 2007 WL 2682259, 4 (D.N.H. 2007). While the plaintiff disagreed with the defendant's choice of treatment, there was no evidence of deliberate indifference. *Id.* Rather, the record established that the Defendants were aware of plaintiff's condition, instructed plaintiff as to how to limit his pain and was instructed to report any changes in his condition. *Id.* Relying on the case law cited above, the Court emphasized that "mere negligence or medical malpractice does not rise to the level of cruel and unusual punishment, nor does it constitute deliberate indifference to serious medical needs" and granted Defendants motion for summary judgment. *Id.* at 4. In reaching its ruling, the Court stated:

> "an Eighth (or Fourteenth) Amendment medical mistreatment claim cannot be premised upon a theory of simple negligence or medical malpractice; a medical care provider's conduct must go beyond negligence in diagnosing or treating a prisoner's medical condition. Similarly, a constitutional violation does not occur because a prisoner happens to disagree with a nurse's or physician's decision regarding the proper course of medical treatment."

*Id.* at 2 (citing Watson, 984, F.2d at 540).

Like the Carey case, the Plaintiff in this matter simply alleges that Dr.

Bauermeister *should have* prescribed the same medications prescribed for Plaintiff when he was incarcerated at MCI-Shirley *See* Exhibit A (Plaintiffs Amended Complaint) as attached to Defendants' Joint Motion for Summary Judgment. Thus, at the heart of the Plaintiffs lawsuit is Plaintiffs disagreement with the treatment and medications prescribed by Dr. Bauermeister.

The record, including those exhibits attached to Defendants' Statement of Undisputed Facts, shows that, contrary to Plaintiffs claims, he was properly evaluated by Dr. Bauermeister and by staff at the ACI, and establishes the unequivocal fact that Dr. Bauermeister prescribed medications for Plaintiff. The record similarly establishes the unequivocal fact that Dr. Bauermeister informed Plaintiff that he should contact the nurses when he was experiencing an alleged panic or anxiety attack *See* the expert reports of Dr. Wall and Dr. Kern and the medical records appended to Defendants' Statement of Undisputed Facts. While Plaintiff may disagree with the course of treatment provided, the medical records and expert reports of Dr. Wall and Dr. Kern establish that the course of treatment selected was within the standard of care. *Id.* Plaintiff has offered no expert opinion to refute this. Thus, the facts elicited in discovery to date, along with the allegations set forth in Plaintiffs Amended Complaint, make clear that (1) Plaintiff cannot set forth a constitutional claim for deliberate indifference to his medical needs, (2) Plaintiffs Motion for Summary Judgment should be denied, and (3) summary judgment properly should enter on behalf of Dr. Bauermeister and Dr. Poshkus.

**B. Plaintiff is not entitled to judgment as a matter of law on his claim of medical malpractice.**

Even if we were to assume that Plaintiffs claim should be considered as one

which alleges medical malpractice, Defendants respectfully submit that Plaintiff cannot prevail at either this Summary Judgment stage or at trial due to his failure to disclose expert witnesses in accordance with this Court's Pretrial Order and as required by Rhode Island law. *See* Sheeley v. Memorial Hospital, 710 A.2d 161 (R.I. 1998) and Sousa v. Chaset, 519 A.2d 1132 (R.I. 1987). It is clear, therefore, that Summary Judgment properly should enter for Dr. Bauermeister and Dr. Poshkus, and not Plaintiff.

Appended to Defendants' Statement of Undisputed Facts previously filed with this Court are the expert reports of Dr. Barry W. Wall and Dr. Donald C. Kern. As reference throughout their reports, these experts physicians are of the singular opinion that the care and treatment provided to Plaintiff , including Dr. Bauermeister's choice of medications, was within the standard of care. The level of care provided to Plaintiff was not deliberately indifferent to Plaintiff's medical needs. Plaintiff has failed to disclose any expert witness as required by this Court's Pretrial Order and applicable law. Accordingly, he cannot prevail on his claims of medical malpractice.

To establish the standard of care in a medical negligence claim, expert testimony is mandated unless clearly obvious to a lay person. *See* Sheeley v. Memorial Hospital, 710 A.2d 161 (R.I. 1998) (expert testimony is essential requirement to prove standard of care); Sousa v. Chaset, 519 A.2d 1132 (R.I. 1987) (departure from standard of care requires expert testimony unless clearly obvious to lay person). The expert must measure the care that was administered against the degree of care and skill ordinarily employed in like cases by physicians in good standing engaged in the same type of practice in similar localities. Richardson v. Fuchs, 523 A.2d 445, 448 (R.I., 1987) (citations omitted). The expert must explain what proper procedures and alternatives are available to a

physician [and] why the procedures followed by the defendant physician were negligent, and not legitimate, alternatives. Sousa v. Chaset, 519 A.2d 1132, 1135 (R.I. 1987)

The applicable standard of review requires expert testimony as to the standard of care for healthcare providers under similar circumstances in the same type of practice. Richardson, 523 A.2d at 448. Here, this requires expert testimony as to the standard of care of prison medical personnel who are faced with vastly different patients under vastly different circumstances than a general practitioner. *See* DesRosiers, 949 F.2d at 19 (when evaluating the quality of medical care in an institutional setting, courts must fairly weigh the practical constraints facing prison officials).

Inasmuch as none of the allegations present claims of malpractice that would be obvious to a layman, Plaintiffs failure to comply with this Court's Pretrial Order and his failure to disclose the identity of expert witnesses and their opinions on or before July 26, 2007, is simply fatal to his claims of medical malpractice.[3] Plaintiff cannot prove his case without the requisite expert opinions needed to testify as to the alleged breach of the standard of care and causation. Consequently, Plaintiffs Motion for Summary Judgment properly should be denied and the pending Joint Motion of Defendants Poshkus and Bauermeister should be granted.

[3] That is, a layman would not be able to determine the appropriateness of prescribing the medications sought by Mr., Flannery or the medications, treatment, or plan of care ordered by Dr Bauermeister, and, from that, know what the available treatment for plaintiff's complaints would be and which treatments are considered to be consistent with the applicable medical standards of care; a layman would not know when one medication as opposed to another, would be appropriate, indicated, or required

**C. Plaintiff is not entitled to judgment as a matter of law on his claims of negligence or under the theory of *respondeat superior*.**

Plaintiff cannot prevail on his claims of negligence against the Department of Corrections or its administrators. Plaintiff argues in his Motion for Summary Judgment that an employer owes an independent duty to third parties to protect them from harm inflicted by the employer's workers and, therefore, the Department of Corrections and its administrators were negligent because they failed to protect Plaintiff from harm. In support of his argument, Plaintiff cites the case of *Liu v Striuli*, 36 F. Supp. 2d 452 (1999) Plaintiff's reliance on the Liu case is misplaced The Liu case provides that the separate affirmative duty owed by an employer to third persons is based on the Rhode Island Supreme Court's definition of the "*independent duty*" premised on an employer's "failure to exercise reasonable care in selecting a person who the employer knew or should have known was unfit or incompetent for the employment." Liu at 467, citing *Welsh Mfg. v. Pinkerton's Inc.*, 474 A2d 436, 440 (R.I. 1984). Plaintiff has not alleged that Dr. Poshkus or any of the other administrators within the Rhode Island Department of Corrections failed to exercise reasonable care in selecting healthcare providers at the facility, nor has Plaintiff offered any evidence to support such allegations. Therefore, Plaintiff's argument that the Rhode Island Department of Corrections breached its independent duty to protect him from harm must fail because Plaintiff has made no claim that such a duty even existed. Similarly, Plaintiff has offered no facts to support such a claim.

The arguments contained in Plaintiff's Motion for Summary Judgment are vague and obscure. Plaintiff seems to suggest that the Rhode Island Department of Corrections and its administrators are somehow liable for a breach of duty by subordinates. These

defendants submit that such an argument must also fail because "[t]he relation of master and servant does not exist between public officers and their subordinates, and hence it is uniformly held 'that public officers are not liable for the negligence of their subordinates unless they cooperate in the act complained of, or direct or encourage it'." *Gray v. Wood*, 75 R.I. 123, 126; 64 A2d 191 (1949) citing *Dowler v. Johnson*, 225 N.Y. 39, 121 N.E. 487.

Plaintiff has offered absolutely no evidence that any administrator or supervisor of medical personnel at the Rhode Island Department of Corrections actively participated in or specifically approved the care provided to Mr. Flannery. Plaintiff's claims of *respondeat superior* must fail because he cannot prevail on the underlying argument that the medical care provided to him was somehow inadequate or amounted to cruel and unusual punishment.

## IV. CONCLUSION

For the foregoing reasons, Defendants Dr. Bauermeister and Dr. Poshkus respectfully request that Plaintiff's Motion for Summary Judgment be denied and the Joint Motion of Defendants Bauermeister and Poshkus be granted.

Defendant,
Martin Bauermeister, M.D.
By his Attorneys,

/s/ John B. Moretta

John B. Moretta, Esq. (#6984)
Roberts, Carroll, Feldstein & Peirce, Inc.
10 Weybosset Street, 8th Floor
Providence, RI 02903
(401) 521-7000 (phone)
(401) 521-1328 (fax)

Defendant,
Michael Parkis (sic) [Michael Poshkus MD.]

By his Attorneys,

/s/ Jay M. Elias

Jay M. Elias, Esquire (#3050)
Ratcliffe Burke Harten & Elias, LLP
1600 Financial Plaza
Providence, RI 02903
401.331.3400
401.331.3440 [Fax]

**CERTIFICATION**

I hereby certify that a true copy of this Objection was mailed, postage prepaid, on the 31st day of October 2007, to the following:

***Legal Mail/Confidential***
Mr. Thomas Flannery, #W-86388
MCI Shirley
P. O. Box 1218
Shirley, MA 01464

/s/ Jay M. Elias

I hereby certify that on this 31st day of October 2007, the within document was filed electronically through the ECF System, where it is available for viewing and downloading and will be sent electronically to the counsel of record listed below who are registered participants identified on the Notice of Electronic Filing:

Michael B. Grant, Esquire
40 Howard Avenue
Cranston, RI 02920

John B. Moretta, Esquire
Roberts, Carroll, Feldstein & Peirce, Inc.
10 Weybosset Street, 8th Floor
Providence, RI 02903

/s/ Jay M. Elias