**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**THOMAS FLANNERY**

**v.** **C. A. NO. 06-399 S**

**A. T. WALL, ET AL**

**DEFENDANTS A. T. WALL, II AND JOSEPH MAROCCO'S OBJECTION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Now come the Defendants, A. T. Wall, II and Joseph Marocco and hereby object to Plaintiff's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, as and for the reasons proffered in the accompanying Memorandum.

DEFENDANTS,
By Their Attorney,

/S/ Michael B. Grant
______________________________

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864

CERTIFICATION

The undersigned hereby certifies that on this, the 5th day of November, 2007, I mailed a true copy of the within Defendants A. T. Wall, II and Joseph Marocco's Objection To Plaintiff's Motion For Summary Judgment and accompanying Memorandum to Thomas Flannery, #W-86388, MCI Shirley, P. O. Box 1218, Shirley, Massachusetts 01464, Jay M. Elias, Esq., One Financial Plaza, Providence, RI 02903, John B. Moretta Esq., 10 Weybosset Street, Providence, RI 02903
.

/S/ Michael B. Grant
______________________________

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THOMAS FLANNERY

v. C. A. NO. 06-399 S

A. T. WALL, ET AL

## MEMORANDUM

As concerning Defendants Wall and Marocco, Plaintiff's complaint alleges that said Defendants violated his expectation to be safe and secure, as well as medically provided for, when they knew, or should have known that he was required to be medicated with Klonopin, Remeron and Motrin. Plaintiff also alleges, in conclusory fashion, that said Defendants acted in concert with the other named Defendants, and therefore, violated his civil rights. See Plaintiff's complaint ¶ 9.

## RULE 56

Rule 56 of the Federal Rules of Civil Procedure provides the granting of summary judgment when the moving party has "shown that there is no genuine issue as to any material fact in that . . . [they are] . . . entitled to judgment as a matter of law." The moving party bears the burden of initially showing that there are no genuine disputes as to material facts in the case. **Adickes v. F. H. Kress & Co.**, 398 U. S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The movant may discharge this burden by demonstrating that there is an absence of evidence to support the contentions on which the non-moving party would have the burden of proof at trial. **Celotex Corporation v.**

**Catrett**, 477 U. S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has come forward with such a showing, the burden shifts to the opposing party to establish that there are material facts in dispute. **Matsushita Electrical Industrial Company v. Zenith Radio Corp.**, 475 U. S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The non-moving party then has the burden of coming forward with "specific facts showing that there is a genuine issue for trial." Federal Rule of Civil Procedure 56(e). The non-moving party must do more than simply show that there is "some metaphysical doubt as to the material facts." **Matsushita** at 596. Speculation, conclusory allegations and mere denials are not enough to raise genuine issues of fact. To avoid summary judgment, enough evidence must favor the non-moving parties' case, such that a jury could return a verdict in its favor. See, **Anderson v. Liberty Lobby**, 477 U. S. at 248 (1986). (Interpreting the "genuineness" requirement).

## ARGUMENT

In urging that he is entitled to Judgment, Plaintiff first points to his complaint, and argues that the pleadings therein are insufficiently challenged by the Defendants, and thus, not in dispute; that he was prescribed the medications of Klonopin, Remeron and Motrin by physicians employed by the Massachusetts Department of Correction; that upon his arrival at the ACI in Rhode Island, the Defendants chose not to communicate with Massachusetts' authorities regarding his medications, which amounts to deliberate indifference to his medical needs.

**OFFICIAL CAPACITY**

Defendants Wall and Marocco are sued in their official capacities as State actors. It is clear, under **Will v. Michigan Department of State Police**, 491 U. S. 58, 70-71 (1989) that neither of these Defendants can be liable for money damages to the extent they are sued in their official capacities. Under 42 U.S.C. § 1983, State officials sued in their official capacities as State actors, and where monetary damages are sought, constitute an action against the State itself, in light of the fact that it is the State that is the real party in interest. A state is not a "person" within the meaning of § 1983. Accordingly, Plaintiff's claim for monetary damages against those sued in their official capacities, constituting a claim against the State itself must be dismissed under the United States Supreme Court's ruling in **Will**, supra.

**DEFENDANT MAROCCO**

Plaintiff alleges that Marocco had "total access to all information pertaining to the Plaintiff and other inmates who received medical treatment . . .", and concludes that Defendant Marocco was deliberately indifferent to his issues without taking any actions "to resolve it before the issues began to multiply." Plaintiff's argument is misplaced.

In **Estelle v. Gamble**, 429 U. S. 97, S. Ct. 285, 60 L.Ed.2d 251 (1976) and **Farmer v. Brennan**, 511 U. S. 825, 114 S. Ct. (1970), 128 L.Ed.2d 811 (1994), the Supreme Court identified in the Eighth Amendment's protection the "government's obligation to provide medical care for those whom it is punishing by incarceration." 429 U. S. at 103, 97 S. Ct. 285. The Supreme Court also observed that "an inmate must rely on prison authorities to treat his medical needs." Id.

In **Farmer**, the Supreme Court, more precisely, articulated a two-prong standard, a plaintiff must meet to hold a prison official liable for Eighth Amendment claims. First, the deprivation alleged must be "objectively and 'sufficiently serious.' " 511 U. S. at 834, 114 S. Ct. (1970) (quoting **Wilson v. Seiter**, 501 U. S. 294, 298, 111 S. Ct. 2321, 115 L.Ed.2d 271 (1991)). The injury suffered by a prisoner must be objectively sufficiently serious; that is, it must result in the denial of the minimal civilized measure of life's necessities. **Walker v. Benjamin**, 293 F.3d 1030, 1037 (7th Cir. 2002). Second, under **Farmer**, the Defendant must possess a culpable state of mind, meaning that he or she was deliberate in their indifference to the prisoner's health or safety. Id.

With respect to these allegations, Plaintiff simply speculates that Defendant Marocco had access to all of the Plaintiff's medical records, and thus, should have taken some type of action. Plaintiff fails to allege facts demonstrating Marocco possessed any type of duty or obligation to review Plaintiff's medications. Additionally, Plaintiff fails to aver any facts concerning Marocco's state of mind that could lead to the conclusion of deliberate indifference on his part. Plaintiff also fails to point to any facts relative to injuries sustained, that would serve as a predicate to liability.

Plaintiff's allegations are conclusory, speculative and clearly fail to articulate any basis which would support deliberate indifference and an Eighth Amendment violation.

## DEFENDANT WALL

Plaintiff alleges that Defendant Wall is responsible, under a respondeat superior theory, in that "Wall, who chose to shoulder the responsibility of his subordinates, had an even greater opportunity to resolve the issues arising from the transferee's admission to his

facility under his custodial directorship of Rhode Island prisons." See Memorandum of Law In Support of Summary Judgment, P. 6. Plaintiff alleges that Wall, as the other Defendants, knew of but disregarded the law protecting prisoners in his care; that Wall was in a unique position to discover what events and circumstances were transpiring with Plaintiff; that "no doubt he was consulted and advised of said conditions. . . by both his subordinates, at least, Officers Hanley and Barney. . . ." As with the allegations directed at Defendant Marocco, Plaintiff speculates as to Wall's involvement and the allegations fail to address Wall's alleged state of mind.

**SUPERVISORY LIABILITY**

A supervising person or entity cannot be held vicariously liable under 42 U.S.C. § 1983 on a respondeat superior theory. **Maldonado-Denis v. Castillo-Rodriguez**, 23 F.3d 576, 581 (1st. Cir. 1994). A supervisor may be liable under § 1983 only on the basis of his or her own acts or omissions. Id. A supervisor may be liable by establishing a policy or following a custom that leads to the challenged activity. Id. at 582. A superior may also be liable if he had actual knowledge of the wrongful activity, or if he would have had such knowledge but for his deliberate indifference to this activity, and he had the authority to require changes but did not do so. Id. A Successful Plaintiff must show that the superior was deliberately indifferent and that his conduct caused the subordinate's actions violative of the Plaintiff's constitutional rights. Id. This connection may be shown if the supervisor knew of, approved or intentionally ignored the conduct. Id. This connection may also be shown by past history of such conduct on a widespread basis known to the supervisor and sufficient to alert him to current problems. If he failed

to implement necessary changes, he may be liable. Id. Isolated instances of unconstitutional activity are insufficient to show deliberate indifference. Id.

Plaintiff fails to articulate any factual predicate demonstrating that Defendants Wall or Marocco had any direct involvement with respect to the issues raised in the complaint. Liability premised upon §1983 only attaches when it has been shown that defendant has had direct involvement in the alleged wrongdoing.

Moreover, pursuant to United States District Court Local Rule 56(a)(1), Plaintiff has failed to file a statement of undisputed facts, setting forth all facts Plaintiff contends are undisputed entitling him to judgment as a matter of law.

## **CONCLUSION**

Accordingly, in light of the fact that the Plaintiff has completely failed to point to any evidence, which would entitle him to relief under the Eighth Amendment to the United States Constitution and has failed to file a supporting statement of undisputed facts, Defendants Wall and Marocco urge that the Plaintiff's motion be denied. Plaintiff's allegations against these Defendants are vague, speculative and fail to prove any set of facts of direct involvement.

Respectfully submitted,

/S/ Michael B. Grant

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864