UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS FLANNERY | ) | |
| Plaintiff | ) | |
| v. | ) | CIVIL ACTION NO. 06-399S |
| DR. BAUERMEISTER et al | ) | |
| Defendants | ) | |

MOTION FOR A PROTECTIVE ORDER

PURSUANT TO RULE 26(c)(2)

The plaintiff, now isolated and restrained in a Special Management Unit (SMU) and in the custody, lawfully, of the Massachusetts Department of Correction (MDOC) at MCI Shirley Medium, respectfully moves this court for a PROTECTIVE ORDER under Fed. R. Civ. P. 26(c)(2) and to GRANT that a scheduled deposition on Thursday, December 6, 2007, at 10:00 AM, at MCI Shirley Medium not be held.

As reason therefore, plaintiff deposes and states:

1. On 07-09-07, per paper 49 of this docket, defendants jointly moved to depose plaintiff.

2. On 07-16-07, per paper 50, plaintiff opposed on the basis of fairness where he is unable to depose defendants.

3. On 07-24-07, per paper 53, an ORDER issued by this Court (Hagopian, MJ) granting said deposition as requested, without finding of fact to law.

4. On 11-17-07, or within three (3) days following, the plaintiff received defendants DR. BAUERMEISTER and POSHKUS

through counse, Noticed by motion, the slated day, date, time and place of the deposition, as well the person or persons deposing plaintiff, Merrill Legal Solutions, 101 Arch Street, Third Floor, Boston, MA 02110.

5. Nearly four (4) months, or 115 days in toto, has lapsed since defendants were allowed to depose plaintiff and the actual moment they intend to do so.

6. Relative to the preceding time element, all parties are vested in an impending trial notwithstanding plaintiff's pleas for both settlement and economy (institutional and judicial). In fact, following extensive discovery, interrogatories and productions, as well as other litigation, i.e., Rule 12(b), with opposition, this Court recommended submissions of summary judgement by both sides.

7. It has been stated in plaintiff's opposition to being deposed that such deposition upon written requests would better serve this matter where plaintiff is a prisoner held in isolation and under medication, the latter the crux of his complaint where defendants failed to properly provide said medication while in their custody temporarily.

8. Plaintiff now bears the burden of annoyance due to the defendants continued harassment, embarrassment, oppression, as well as undue burden and expense. Fed. R. Civ. P. 26(c), U.S.C.A.; **Alexander v. F. B. I.**, 186 F.R.D. 54, 60, 71 (D. D.C. 1998).

9. Plaintiff is assisted by inmate law clerks at the institution in which he is held. Further, he has appealed to family members for funds in which to retain competent counsel relative to this deposition and is diligent in that effort despite his current isolation and medical treatment. Failing such funds provided by family, the plaintiff shall have no recourse other than to request private counsel, or the funds to retain same in this jurisdiction where said deposition, should this motion be denied.

10. Alternatively, upon receiving competent counsel, the plaintiff is amenable to holding the deposition at another time and place, provided he is so represented by said counsel.

WHEREFORE, the plaintiff prays that this Court DENY the defendants joint request to depose him at the time scheduled in ¶ 4 herein in the interests of justice, as well ALLOW that plaintiff be represented by proper counsel at any deposition to be made at a later before such deposition transpire.

Respectfully submitted,

Tom Flannery

Thomas Flannery, pro se
Box 1218 - SMU-2-28
Shirley, MA 01464

November 19, 2007

# CERTIFICATE OF SERVICE

I certify that I have served a true copy of my motion for a PROTECTIVE ORDER to defendants' counsel, Michael Grant, Esq., Jay Elias, Esq., John Moretta, Esq., and to Merrill Legal Solutions, via first class mail, postage paid, this 21st day of November 2007, by making same available to prison authority for deposit in the institution's mail facility.

Thomas Flannery, pro se
Box 1218
Shirley, MA 01464