**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**THOMAS FLANNERY**

**v.** **C.A. No. 06 - 399 S**

**DR. BAUERMEISTER**, et al.

## Report and Recommendation

Jacob Hagopian, Senior United States Magistrate Judge

Thomas Flannery ("Flannery" or "plaintiff"), *pro se*, filed an Amended Complaint pursuant to 42 U.S.C. § 1983 and named as defendants Dr. Bauermeister, Dr. Poshkus, Joseph Marocco, Lieutenant Hanley, Captain/Lieutenant Barney, and A.T. Wall, officials or employees at Rhode Island Department of Corrections, alleging a violation of the cruel and unusual punishment clause of the Eighth Amendment. Plaintiff also alleges a claim of medical malpractice against Drs. Poshkus and Bauermeister.

Currently before the Court are the motions of Dr. Bauermeister, Dr. Poshkus, Joseph Marocco and A.T. Wall ("defendants") to dismiss plaintiff's Eighth Amendment claim pursuant to Fed. R. Civ. P. 12(b)(6).[1] Plaintiff has objected. These matters have been referred to me pursuant to 28 U.S.C. §

[1] Plaintiff voluntarily dismissed Lieutenant Hanley and Captain/Lieutenant Barney from this action.

636(b)(1)(B) for a report and recommendation. For the reasons that follow, I recommend that the defendants' motions to dismiss be granted.[2]

**Background**

The following are the relevant factual allegations culled from the Amended Complaint, which are taken as true for the purposes of the instant motion:

Thomas Flannery is a prisoner in the custody of the Massachusetts Department of Corrections ("MA DOC"). On or about January 25, 2006, Flannery was transferred to the Rhode Island Department of Corrections (RIDOC), in Cranston, Rhode Island. When he arrived at the RIDOC, as part of the intake process, a nurse interviewed the plaintiff. Plaintiff alleges that he informed the nurse that he was currently taking the prescribed drugs Klonopin and Remeron, as directed by a MA DOC physician.

The next day, January 26, 2006, plaintiff submitted a medical request to obtain the medication allegedly prescribed by the MA DOC physician. Instead, on January 30, 2006, plaintiff was examined by defendant Dr. Bauermeister, a physician at the RIDOC. During the examination, Flannery requested the medication allegedly prescribed by the MA DOC physician. Dr. Bauermeister, however, refused plaintiff's request, and told Flannery that he did not

[2] Plaintiff's medical malpractice claim against Drs. Poshkus and Bauermeister are not the subject of the instant motion.

demonstrate a need for those particular drugs. Dr. Bauermeister did, however, place the plaintiff on different medication.

Not satisfied with the course of treatment chosen by Dr. Bauermeister, Flannery filed numerous grievances seeking the medication allegedly prescribed to him by the MA DOC. The grievances were denied. Plaintiff returned to the MA DOC on April 16, 2006, and alleges that he was given his desired medications.

Plaintiff filed suit alleging a violation of the Eighth Amendment and he asserts a medical malpractice claim against Drs. Bauermeister and Poshkus. Defendants have moved to dismiss the Eighth Amendment claim pursuant to Fed. R. Civ. P. 12(b)(6) contending (1) the facts alleged fail to rise to the level of a violation of the Eighth Amendment and (2) plaintiff has failed to exhaust his claims pursuant to the Prison Litigation Reform Act. Plaintiff has filed an objection thereto.

## Analysis

### A. Rule 12(b)(6) Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of actions which fail to state a claim upon which relief can be granted. In ruling on a motion filed under Rule 12(b)(6), the court must "accept the well pleaded averments of the ***complaint as true, and construe these facts in the light most favorable to the [plaintiff]." Chongris v. Board of Appeals, 811 F.2d 36, 37 (1st Cir. 1987). A Rule 12(b)(6) motion will only be

granted when, viewed in this manner, it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-6 (1957). Under a Rule 12(b)(6) motion, "a reviewing court is obliged neither to credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation, nor to honor subjective characterizations, optimistic predictions, or problematic suppositions." United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir. 1992). Unverifiable conclusions, not supported by the stated facts, deserve no deference. Id. Thus, in ruling on the motion to dismiss, the pertinent inquiry is whether plaintiff's complaint sets forth sufficient factual allegations which, if proven, would support his claims of a deprivation of federal rights.

**B. 42 U.S.C. § 1983**

Plaintiff has brought suit under 42 U.S.C. § 1983. Section 1983 provides, in pertinent part:

> Every person who, under the color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.

In order to maintain a section 1983 action, the conduct complained

of must be committed by a "person" acting under color of state law and the conduct must have deprived the plaintiff of a constitutional right or a federal statutory right. Gomez v. Toledo, 446 U.S. 635, 640 (1980); see also, Baker v. McCollan, 443 U.S. 137 (1979) (constitutional deprivations); Maine v. Thiboutot, 448 U.S. 1 (1980) (statutory deprivations). Here, there is no dispute that the named defendants acted under the color of state law. However, the defendants assert that the facts alleged fail to rise to the level of a violation of the Eighth Amendment. I agree.

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. The cruel and unusual punishments clause of the Eighth Amendment was designed to protect those convicted of crimes and limits the type of punishment that is imposed. Ingraham v. Wright, 430 U.S. 651, 664 (1977). After an individual is incarcerated, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment. Whitely v. Albers, 475 U.S. 312, 318-19 (1986). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause...." Id. What is required to establish the unnecessary and wanton infliction of pain varies according to the nature of the alleged Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992).

Here, plaintiff claims the defendants failed to provide him the same medication allegedly prescribed by the MA DOC. While the failure to provide medical attention to an injured prisoner can be an Eighth Amendment violation, see e.g., Layne v. Vinzant, 657 F.2d 468 (1st Cir. 1981); Rosen v. Chang, 758 F.Supp. 799 (D.R.I. 1991), "[i]n order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). In order to find deliberate indifference, there must be more than a showing that a physician was negligent in diagnosing or treating a patient. Id. Such negligence, if present, does not rise to the level of a constitutional violation simply because the plaintiff is incarcerated. Id. Officials must intentionally delay or completely deny access to medical care. Id. at 104-05.

Deliberate indifference to an inmate's medical needs requires a two part inquiry. First, the court must ask whether the inmate's medical needs are objectively serious (objective prong). The illness must have "been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Mahan v. Plymouth County House of Corrections, 64 F.3d 14, 18 (1st Cir 1995). Second, there must be an element of a culpable state of mind or reckless disregard rising to the level of criminal recklessness on

the part of the defendant (subjective prong). Farmer v. Brennan, 511 U.S. 825, 826 (1994). The "Eighth Amendment outlaws cruel and unusual punishments, ... and the failure to alleviate a significant risk that an official should have perceived but did not, while no cause for commendation, cannot be condemned as the infliction of punishment...." Id. Only when both prongs are met can the defendants be liable for an Eighth Amendment violation.

Here, plaintiff has failed to allege any facts that would satisfy either prong of the deliberate indifference standard. First, plaintiff failed to allege that he suffers from a serious medical need. Nowhere in the Amended Complaint does the plaintiff identify what his medical need is, other that he has some unspecified need for the identified prescription medicine. Unspecified needs for controlled substances, as alleged by the plaintiff, fail to meet the benchmark of an objectively "serious medical need." Without alleging that he had an objectively significant medical need, plaintiff's Eighth Amendment claim fails.

Notwithstanding plaintiff's failure to allege that he had a serious medical need, plaintiff also has failed to allege that the defendants were aware of a serious risk of substantial harm to the plaintiff and consciously disregarded it. Farmer, 511 U.S. at 826. Indeed, that facts as alleged by the plaintiff indicate the contrary. Dr. Bauermeister examined the plaintiff and placed the plaintiff on prescribed medication. Although plaintiff requested

certain prescribed medication - medication of his choice - Dr. Bauermeister refused his request but provided him with a different prescription. In other words, Dr. Bauermeister treated the plaintiff.

Thus, the facts alleged indicate that Dr. Bauermeister provided treatment, and that the plaintiff was merely unhappy with the course of treatment. This falls far short of consciously disregarding a serious risk of substantial harm to the plaintiff. See id. Rather, the facts as alleged by the plaintiff indicated that Dr. Bauermeister's conduct was well within constitutional bounds.

Similarly, nothing has been alleged connecting the remaining defendants to the alleged infringement of the Eighth Amendment. Wall, Marrocco, and Poshkus are not factually connected in the Amended Complaint to any alleged wrong-doing. To the extent that plaintiff may be relying on a respondeat superior theory in an attempt to attach liability to these defendants, such a claim is not cognizable in a Section 1983 action. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Madonado-Denis v. Castillo-Rodriuez, 23 F.3d 576, 581 (1st Cir. 1994).

Accordingly, the facts alleged fail to state a claim for a violation of the Eighth Amendment with respect to all of the defendants. Plaintiff has failed to allege that he suffers from

serious medical need and that the named defendants had a reckless disregard to his well-being. Farmer, 511 U.S. at 826.

### C. Prison Litigation Reform Act

Finally, defendants contend that they are entitled to dismissal because the plaintiff failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act of 1995, Pub.L. No. 104-134, 110 Stat. 1321 ("PLRA"). A failure to exhaust pursuant to the PLRA is, however, an affirmative defense, see Casanova v. Dubois, 304 F.3d 75, 77-78, & n. 3 (1st Cir. 2002), and must be proven by the defendants. Thus, it is not properly asserted as a basis for dismissal in the instant motion to dismiss, particularly since it does not appear, at least initially here, that medical issues may be the subject of the grievance procedure at the RIDOC, and since the facts alleged by the plaintiff indicate that he filed numerous grievances concerning his medical care.

## Conclusion

For the reasons stated above, I recommend that the defendants' motions to dismiss plaintiff's Eighth Amendment claim be granted. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to filed timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to

appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
Date: 12-11-07