UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS FLANNERY | ) | |
| Plaintiff | ) | |
| v. | ) | C. A. NO. 06-399S |
| DR. BAUERMEISTER et al | ) | |
| Defendants | ) | |

PLAINTIFF'S ANSWER TO OBJECTIONS AND FOR RECONSIDERATION SUBMITTED BY HIM

The plaintiff dutifully responds to the joint objections of the defendants all submitted by the lead counsel on the 25th of January 2008, as it referes to their Argument thereto.

Defendants have again chosen to speciously argue events that have been pleaded throughout this action, i.e., plaintiff's motion for reconsideration. To counter defendants' Argument, II, ¶ 2, one need only read said motion that defendant-lead counsel exhibited to their objections. Worse, counsel clearly forgets the basic premise that a R. 12(b)(6), especially when not recharacterized to summary judgement by the Court, is not the lethal weapon of choice. The latter, R. 56, is! Not only did the plaintiff state a viable claim entitling him to relief. both the Magistrate and the defendants repeatedly ignored the stated facts sufficient to survive their request for dismissal. As an example, when alleging that plaintiff "failed to disclose such an expert, summary judgement is appropriate on Plaintiff's medical malpractice claim[1]," the Court erroneously "noted"

that an expert was, indeed, required. The defendants' notation at the foot of the page finally resolves the issue of the plaintiff's medical claim, as to medical malpractice or, in fact, medical negligence, while surmising that the "issue may be moot ... " Defendants failed to recognize that the medical negligence claim is still viable in the Rhode Island court.

The Eigth Amendment claims are argued ad nauseam in all these pleadings, sufficiently so. In plaintiff's motion for reconsideration ever more so. Plaintiff will not rehash those arguments here.

Despite his repeated afforts to secure the Court's lawful adjudication, to which they must take jurisdiction, not the Objections, nor the Reconsideration, has yet been received by the plaintiff. Plaintiff has entreated the Chief Justice of the District Court to intervene in this action for reasons that plaintiff has documented in his request. Further, plaintiff is better served to appeal the opinions, findings and judgement of the Court, albeit prematurely.

WHEREFRORE, the plaintiff prays that this Court DISREGARD and DENY defendants' objections, which are specious in nature and attempt to mislead this Court by findings of their own device.

Respectfully submitted,

Thomas Flannery, pro se
Box 1218
Shirley, MA 01464

Janaury 28, 2008

# CERTIFICATE OF SERVICE

I certify that I have served a true copy of my motion with to defendants' counsel: John Moretta, Esq.; Jay Elias, Esq.; Michael Grant, Esq., via first class mail, postage paid, this 29th day of January 2008, by depositing same with the correction officer/SMU, at MCI Shirley Medium.

Thomas Flannery, pro se
Plaintiff
MCI Shirley Medium
Box 1218
Shirley, MA 01464